CITY OF ST. JOSEPH, *for use and benefit of* FIDELITY CASUALTY CO., *v.* GRANTHAM MOTOR SALES.

1. MOTOR VEHICLES—OWNERSHIP.

Finance company, appellant in action by subrogee under workmen's compensation act, *held,* owner of truck subject to liability for negligent injuries to plaintiff's employee, where agents of seller and appellant had repossessed truck and former was using it at time of injury for general trucking purposes pursuant to agreement to pay latter some of the earnings therefrom, contract was later terminated by appellant, and possession taken over and sale made by it (Comp. Laws 1929, §§ 4648, 8454).

2. SAME—CONSENT OF OWNER.

Finance company, owner of a motor truck, whose local manager permitted seller to use it for a consideration for general trucking purposes after their agents had repossessed it from buyer *held*, to have consented to its operation by the driver although the local manager did not know who driver might be, where truck was being used in the manner and for the purpose covered by the consent given (1 Comp. Laws 1929, § 4648).

3. SAME — CONSENT OF FINANCE COMPANY'S LOCAL MANAGER — AUTHORITY.

Consent to use of repossessed truck for a consideration by seller *held*, within scope of apparent authority of local manager of automobile finance company so as to hold latter liable as owner for injuries sustained due to negligent operation of truck (1 Comp. Laws 1929, § 4648).

4. SAME—ILLEGAL OPERATION—CONSENT OF OWNER.

In action by subrogee under workmen's compensation act for injuries to employee, finance company's consent to operation of repossessed truck by seller *held*, to extend to operation without proper license plates where it is not shown owner did not have knowledge of such operation and statute imposing liability upon owner does not create illegal operation without knowledge of owner a defense (Comp. Laws 1929, §§ 4648, 8454).

Appeal from Berrien; White (Charles E.), J. Submitted October 3, 1934. (Docket No. 39, Calendar No. 37,920.) Decided December 10, 1934.

Action by City of Saint Joseph, a municipal corporation, for the use and benefit of the Fidelity Casualty Company, a New York corporation, against Grantham Motor Sales, and General Motors Acceptance Corporation of Indiana, Inc., Indiana corporations, for liability incurred under workmen's compensation act as result of alleged negligence of defendants. Verdict and judgment for plaintiff against both defendants. Defendant General Motors Acceptance Corporation of Indiana, Inc., appeals. Affirmed.

*Stuart B. White,* for plaintiff.

*Charles W. Stratton,* for defendant General Motors Acceptance Corporation of Indiana, Inc.

Fead, J. March 18, 1932, Lafayette Wires, an employee of plaintiff city, was negligently killed in Michigan by a truck driven by John Ryan, an employee of defendant Grantham Motor Sales, an Indiana corporation, doing business at Gary, Indiana. Plaintiff city, having been charged with payments to Wires' dependents under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), brought this action for damages, by virtue of statutory subrogation (2 Comp. Laws 1929, § 8454). The court submitted to the jury only the issue whether the truck driven by Ryan caused Wires' death. Grantham Motor Sales has not prosecuted its appeal. Plaintiff had judgment. The question is whether General Motors Acceptance Corporation of Indiana (appellant), was liable for the injury as "owner" of a motor vehicle driven with its express or implied consent or knowledge. 1 Comp. Laws 1929, § 4648.

Grantham Motor Sales originally owned the truck. October 9, 1931, it sold it to C. C. Parr on conditional sales contract. Simultaneously it conveyed all its interest in the contract and truck to this appellant, which financed the transaction and paid Grantham Motor Sales the balance of the purchase price. In addition to such conveyance, Grantham Motor Sales guaranteed payment of the contract balance.

Parr applied for and received certificate of title in his name in Indiana. The certificate, however, was actually returned to and held by Grantham Motor Sales. In a few weeks Parr defaulted on his

contract. Representatives of both Grantham Motor Sales and appellant repossessed the truck from Parr. Grantham Motor Sales kept possession of it with ''no other rights in the truck except to sell it.'' It reconditioned the vehicle but was unable to sell it.

In January, 1932, Mr. Grantham and Mr. Ritt, manager of the Gary branch office of appellant, made an agreement that Grantham Motor Sales could use the truck, and others, for general trucking purposes, and it did so for about six months, paying appellant some of the earnings therefrom. It was in such use when the accident to Wires occurred. There was no agreement as to the length of time the truck was to be so used and appellant could have terminated the use at any time.

After the accident, Grantham sold the truck on sales contract, executed repossession certificate required in Indiana, and had certificate of title issued in the name of the purchaser. . The contract was defaulted and the truck repossessed by Grantham Motor Sales. In June, Grantham and Ritt agreed to terminate the use for trucking purposes and appellant took possession of the truck and sold it.

Primarily the ''owner'' of a motor vehicle, under 1 Comp. Laws 1929, § 4648, is found from general law. *Daugherty* v. *Thomas,* 174 Mich. 371 (45 L. R. A. [N. S.] 699, Ann. Cas. 1915 A, 1163). Under other provisions of the motor vehicle acts other persons are deemed ''owners'' for certain purposes, among them being persons having exclusive use of the vehicle for over 30 days under lease or otherwise. 1 Comp. Laws 1929, § 4632, subd. (c). The case is not complicated by such provisions. Parr was eliminated from the situation by his default and the repossession. No other person had certificate of title. While both appellant and Gran-

tham Motor Sales participated in taking the truck from Parr, the repossession was the legal act of appellant because it only had title and the right to repossess. Thereafter the physical possession of the truck by Grantham Motor Sales was permissive, without definite term, without title or claim of title against appellant, and wholly at the pleasure of the latter. Appellant General Motors Acceptance Corporation had legal title to the truck, complete power of control and disposition over it, and was the "owner."

It is presumed that Ryan was driving the truck with the consent and knowledge of the owner. *Hatter* v. *Dodge Brothers,* 202 Mich. 97. There was no testimony to rebut the presumption. On the contrary, it was undisputed that the local manager of appellant, conducting its business in the district, expressly consented to the use of the truck by Grantham Motor Sales. He knew it would be driven by servants for trucking purposes. The consent covered the driver although the manager did not know who the driver might be. *Kerns* v. *Lewis,* 246 Mich. 423; *Lidtka* v. *Wagner,* 253 Mich. 379; *Stapleton* v. *Independent Brewing Co.,* 198 Mich. 170 (L. R. A. 1918 A, 916). The truck was being used in the manner and for the purpose covered by the consent. The authority of the manager to give the consent for appellant is not denied by testimony. He handled the whole transaction, from initial financing to final repossession and sale. The consent was within the scope of his apparent authority. *Kerns* v. *Lewis,* 249 Mich. 27. Not being denied, his authority was established.

Grantham Motor Sales operated the truck without proper license plates and appellant contends

the owner's consent does not extend to illegal operation unless he has knowledge thereof. Appellant did not show lack of knowledge of the character of the operation. Nor does the statute create illegal operation without knowledge of the owner a defense open to the latter. If it did, the statute would be of little force because, substantially, all negligence in driving a motor vehicle on the highways involves violation of law. The statute is clear, salutary, and ought not to be emasculated by exceptions.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.