PULFORD *v.* MOUW.

1. Appeal and Error—Questions Reviewable—Briefs.
    Question of ownership of automobile, not briefed by defendants on appeal is not considered by Supreme Court.

2. Automobiles—Consent of Owner.
    Defendant corporation to which its office manager had conveyed title to automobile as security for personal loan *held,* presumed to have consented to his use of car in absence of rebutting evidence (1 Comp. Laws 1929, § 4648).

3. Same—Stopping Before Crossing Through Highway—Negligence.
    Under undisputed evidence showing defendant motorist failed to stop on cross street before attempting to cross through highway, he is *held,* guilty of negligence as a matter of law in action arising out of intersection collision between car driven by him and one driven by plaintiff's decedent (1 Comp. Laws 1929, § 4715).

4. NEGLIGENCE—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

Plaintiff administrator in negligence case has burden of showing not only defendant's negligence, unless that be conceded, but also that his decedent was free from contributory negligence.

5. EVIDENCE—PRESUMPTIONS—EYEWITNESSES.

There being eyewitnesses to accident in which plaintiff's decedent received fatal injuries, no presumption may be indulged that decedent was free from contributory negligence.

6. NEGLIGENCE—DEFINITION.

One is not negligent unless he fails to exercise that degree of reasonable care that would be exercised by a person of ordinary prudence under all the existing circumstances in view of the probable danger of injury.

7. AUTOMOBILES—THROUGH HIGHWAYS—STOPPING—ASSUMPTION.

Motorist on through highway in whose unobstructed view defendant motorist on cross street could have been seen to be approaching had right to assume defendant would obey statute requiring him to come to a full stop before entering through highway (1 Comp. Laws 1929, § 4715).

8. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.

Question of decedent's contributory negligence *held,* for jury under evidence showing speed of defendant's car on cross street and decedent's car on through street, presence of eyewitnesses, statute requiring that defendant stop before entering through highway, place and character of collision, skid marks upon pavement starting from point of impact, damage to respective cars, and defendant's admitted failure to stop (1 Comp. Laws 1929, § 4715).

9. APPEAL AND ERROR—AUTOMOBILES—INSTRUCTIONS NOT IN LANGUAGE OF PROFFERED REQUESTS.

Failure to charge jury in language of defendant's proffered requests as to condition of brakes on car driven by plaintiff's decedent and defendant driver's negligence *held,* not error where matter of brakes was fully and completely covered in charge given and defendant driver's negligence was admitted.

10. SAME—AUTOMOBILES—BRAKES.

In plaintiff's action for death of decedent motorist fatally injured in collision at intersection of through highway on which decedent was driving and cross street upon which defendant

driver had failed to stop, statement of court in presence of jury that there was no proof that lack of brakes on decedent's car was the proximate cause, unobjected to by defendant's counsel, *held*, not prejudicial where it was a true statement of the condition of the proofs (1 Comp. Laws 1929, § 4715).

11. SAME—COUNSEL'S CONTRADICTION OF RECORD.
    On appeal the Supreme Court is bound by what appears in the record, not by inaccurate quotations therefrom in briefs.

12. SAME—VERDICT CONTRARY TO WEIGHT OF THE EVIDENCE.
    If there was substantial evidence tending to support the verdict, it cannot be set aside even though upon the record the Supreme Court might be in doubt as to the ultimate facts.

13. SAME—MOTION FOR NEW TRIAL—WITNESSES.
    On review of denial of motion for new trial Supreme Court confines itself to a comprehensive review of all of the evidence, having in mind the burden of proof, and, according due allowance to the advantage had by the jury in facing the witnesses, determines from the record whether or not the verdict is so plainly a miscarriage of justice as to call for a new trial.

14. AUTOMOBILES—EVIDENCE—VERDICT.
    In action by administrator of estate of motorist, fatally injured in collision with defendant's car which failed to stop before entering through highway on which decedent was driving, verdict for plaintiff *held*, supported by substantial evidence.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 14, 1937. (Docket No. 88, Calendar No. 39,315.) Decided April 21, 1937. Rehearing denied May 21, 1937.

Case by Morley Pulford, administrator of the estate of Milton F. Pulford, deceased, against Joseph Mouw and Royal Oak Tool & Machine Company, a Michigan corporation, for personal injuries sustained in an intersection accident causing death of plaintiff's decedent. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Edwin J. Burrows* (*Baillie & Cary,* of counsel), for plaintiff.

*Keeling, Bogue & Huthwaite* (*Norman C. Orr* and *Lyle D. Tabor,* of counsel), for defendants.

BUSHNELL, J.   Plaintiff's decedent came to his death four days after the automobile that he was driving south on Campbell road in the city of Royal Oak was struck by a car being driven west on Fourth street by defendant Joseph Mouw.

The center of Campbell road marks the easterly limits of the city; a stop sign on the northerly side of Fourth street about 150 feet east of the intersection warns those approaching this crossing from the east that Campbell road is a through highway.   The view across the northeast corner of these streets is unobstructed for at least 100 feet.

A disinterested witness, Cook, was being driven by his wife in an automobile 5 or 10 rods in the rear of decedent's car and was proceeding in the same direction.   He estimated the speed of the Ford (decedent's auto) at 20 to 25 miles per hour and that of the Oldsmobile (defendant's car) at 30 to 35 miles per hour.   Cook first saw the Oldsmobile when it was about 100 feet from the intersection and testified that there was not much change in its speed until the brakes were applied on defendant's car "after it got on Campbell road."   He stated that the collision occurred about in the center of the intersection, and that:

"The cars struck broadside; the right-hand side of the Olds and the left-hand side of the Ford; they sideswiped.   After they struck, the Ford went to the right and the Oldsmobile swung to the left. * * * The Ford came to a stop around 50 feet from the

center of Campbell road. The Oldsmobile was not as far from the center of Campbell road as the Ford. It was about 40 feet from the center of Campbell road."

Testimony was offered by defendant Royal Oak Tool & Machine Company, a Michigan corporation, that it did not own the Oldsmobile, but had taken title to the car as security for a personal loan to Mouw, he being in the employ of defendant corporation as their office manager. The court declined to admit this testimony, and the objection to the court's failure to consider the question of ownership was not briefed by defendants upon appeal and therefore will not be considered. *Sebastian* v. *Sherwood*, 270 Mich. 339. Defendants' brief says the record fails to show that defendant Mouw was driving the car with the knowledge and consent of the owner, the Royal Oak Tool & Machine Company. The civil liability of the owner of a motor vehicle is established by 1 Comp. Laws 1929, § 4648. It is presumed that Mouw was driving the car with the knowledge and consent of the owner and no testimony was offered to rebut this presumption. *City of St. Joseph, for the use and benefit of Fidelity Casualty Co.,* v. *Grantham Motor Sales,* 269 Mich. 260.

Defendants' counsel admitted in his opening statement that Mouw "did not stop on entering Campbell road," and added that this "is an accident resulting not alone from the failure of Mr. Mouw to stop back of that stop sign, but from the failure of Mr. Pulford having his car equipped with brakes so he could stop and from his failure to see and attempt to stop before the accident happened." Defendants' testimony was confined to the matters just stated.

The trial judge was asked to direct a verdict for the defendants on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law, but he declined to do so, and the jury returned a verdict for plaintiff in the sum of $7,500.

Plaintiff's decedent was riding alone and the only eyewitnesses were Mr. and Mrs. Cook, who testified for the plaintiff, and defendant Joseph Mouw, who did not take the stand.

The undisputed proof that defendant Mouw failed to stop before entering a through highway required the finding that he was guilty of negligence under the circumstances of this case. *Hilliker* v. *Nelson,* 269 Mich. 359.

The burden was upon plaintiff not only to show the negligence of the defendant, unless that negligence was conceded, but he was required to show also that his decedent was free from contributory negligence. There being eyewitnesses to the accident, there is no presumption that plaintiff's decedent was free from contributory negligence. *Buchel* v. *Williams,* 273 Mich. 132, and *Faustman* v. *Hewitt,* 274 Mich. 458.

One is not negligent unless he fails to exercise that degree of reasonable care that would be exercised by a person of ordinary prudence under all the existing circumstances in view of the probable danger of injury. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich. 99, 118, and *Mikulski* v. *Morgan,* 268 Mich. 314. Pulford was proceeding on a through street; he had the right to assume that Mouw would obey the statute which required him to come to a full stop before entering Campbell road. See 1 Comp. Laws 1929, § 4715; and *Weil* v. *Longyear,* 263 Mich. 22.

The speed of the two vehicles as they approached the intersection, the testimony of Cook and his wife, the inhibition of the statute just cited, the place and character of the collision, the skid marks upon the pavement starting from the point of impact, the damage to the respective cars, and defendant Mouw's admitted negligence produce a state of facts upon which reasonable men may fairly arrive at different conclusions. The issue of fact thus presented makes the matter of decedent's contributory negligence a question for the jury. *Detroit & Milwaukee R. Co.* v. *Van Steinburg, supra; Filter* v. *Mohr,* 275 Mich. 230, and *Marciniak* v. *Sundeen,* 278 Mich. 407. See, also, *Thompson* v. *Michigan Cab Co., ante.*

Appellants say that the court erred in failing to charge the jury, in the language of their requests to charge, regarding the condition of the brakes on decedent's car and with respect to defendant Mouw's negligence. The matter of the adequacy of brakes was fully and completely covered by the charge of the court. Defendant Mouw's counsel admitted that his client was negligent in that he failed to stop before entering a through highway.

The court did not commit prejudicial error in stating in the presence of the jury that "there is no proof here that lack of brakes was the proximate cause." The language of the court was a true statement of the condition of the proofs and defendants were not prejudiced thereby. Furthermore no objection was made to the statement.

Appellants allege error, because of the court's exclusion of witness Sherrill's opinion testimony. The quotation from the testimony as given in appellants' brief in support of this claim is not in accord with the record. The appellants' brief states:

"*Q.* Now, when you examined this Ford, what was the condition of the brakes?

"*A.* Well, the brake pedal would go down—

"*Mr. Cary:* I am going to object to that as a conclusion. I am going to ask the witness to state what he found.

"*The Court:* Objection sustained."

The record shows:

"*Q.* Now, when you examined this Ford, what was the condition of the brakes?

"*A.* Well, the brake pedal would go down—

"*Mr. Cary:* I am going to object to that as a conclusion. I am going to ask the witness to state what he found.

"*Q.* Just state what you found there?"

The record does not contain a ruling of the court on the objection, but on the contrary, it shows that counsel reframed the question to conform to the objection. We are bound by the record and not by inaccurate quotations.

"Counsel's contradiction of the record is of no force." *Marquette, H. & O. R. Co.* v. *Marcott* (syllabus), 41 Mich. 433.

Appellants moved for a new trial and argue that the verdict of the jury is against the overwhelming weight of the evidence.

"If there was substantial evidence tending to support the verdict, it cannot be set aside, even though upon the record we might be in doubt as to the ultimate facts." *Hillman Twp. Board* v. *Empire Mutual Fire Ins. Co.*, 253 Mich. 394.

As we recently said in *Patterson* v. *Thatcher*, 273 Mich. 597:

"We confine ourselves to a comprehensive review of all of the evidence, having in mind the burden of

proof and according due allowance to the advantage had by the jury in facing the witnesses, and from the record determine whether or not the verdict is so plainly a miscarriage of justice as to call for a new trial. See, *In re McIntyre's Estate,* 160 Mich. 117; *People* v. *Spencer,* 199 Mich. 395, 400."

The record has been examined and we find there is substantial evidence tending to support the verdict.

The judgment is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

NORTH, J., concurred in the result.