CLARK *v.* LAWRENCE BAKING CO.

1. NEGLIGENCE—MOTOR VEHICLES—ADMISSIONS—INABILITY TO STOP WITHIN RANGE OF LIGHTS.

An admission by the driver of a truck that he could not stop within the range of his lights, at the time he is alleged to have struck and killed plaintiff's decedent, was an admission that he was negligent.

[1]Motor Vehicles, 28 Cyc. p. 37; 2 R. C. L. 1191; 6 R. C. L. Supp. 132.

2. SAME—INFERENCES—PROXIMATE CAUSE QUESTION FOR JURY.

In an action for the death of plaintiff's decedent, claimed to have been killed by defendant's truck, where the driver admitted that he ran over decedent, who, he claimed, was lying in the road, the case was properly submitted to the jury, the proofs being open to the inference that the driver's negligence in not being able to stop within the range of his lights was the proximate cause of death.

3. DEATH—WHERE NO EYEWITNESSES PRESUMPTION OF DUE CARE PREVAILS.

Where there were no eyewitnesses to the accident in which plaintiff's decedent was killed, the court must assume that decedent was in the exercise of due care for his safety.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY.

Where there was evidence of the defendant's negligence, in view of the presumption that decedent was in the exercise of due care for his safety, the question of his contributory negligence was properly submitted to the jury.

5. EVIDENCE—WHERE GLASS OF HEADLIGHT LOST TESTIMONY OF EXPERIMENTS IN MATCHING PIECES ADMISSIBLE.

Where, in an action against the owner of a truck for the negligent killing of plaintiff's decedent, at the time of the trial pieces of glass from a headlight, found at the scene of the accident, could not be found, oral proof as to experiments made in matching the pieces found with those remaining in the rim of the light, at an examination of the driver before a justice of the peace, *held*, admissible, in the discretion of the trial court.

6. DEATH—DAMAGES—EXCESSIVE VERDICT.

A verdict for $10,000 for the death of a man 51 years old, in good health, with an expectancy of 20.2 years, who was earning annually about $2,000 which was expended mainly on his family, may not be said to be excessive.

Error to Ingham; Carr (Leland W.), J. Submitted April 27, 1927. (Docket No. 15.) Decided October 3, 1927.

[2]Death, 17 C. J. § 179; Motor Vehicles, 28 Cyc. p. 49 (Anno); [3]Death, 17 C. J. § 167; [4]Id., 17 C. J. § 180; 8 R. C. L. 869; 2 R. C. L. Supp. 671; 4 R. C. L. Supp. 578; Motor Vehicles, 28 Cyc. p. 49; [5]Trial, 38 Cyc. p. 1311; [6]Death, 17 C. J. § 235; L. R. A. 1916C, 820; 8 R. C. L. 673; 2 R. C. L. Supp. 637.

Case by Lydia O. Clark, administratrix of the estate of Benjamin F. Clark, deceased, against the Lawrence Baking Company for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*Richard Raudabaugh* and *Brown & Kelley*, for appellant.

*William C. Brown*, for appellee.

BIRD, J. Plaintiff, as administratrix, brings this suit to recover damages from defendant for negligently and wrongfully causing the death of her husband. The showing, in substance, made by the plaintiff was that she lived with her husband on West St. Joseph street near the west city limits of Lansing; that on the early morning of November 6, 1924, the decedent left his home in his automobile to take his wife's daughter to work in the city of Lansing. He evidently made the going and returning trip without incident until he reached a point a block from his home. At this point his car was pushed to the side of the road and was found to be without gasoline, and he was found dead in the traveled part of the way. His head had been crushed, his brains had oozed out and he lay in a pool of blood. Two automobiles had passed that point, going toward the city, and decedent was recognized by one of the occupants of the east-bound cars standing beside his car talking with a man. Defendant's driver of a bread truck, on the way to Charlotte, was met and passed, and that automobile was the only one that was passed on their way to the city. She further showed that for several feet west of the place where her husband lay pieces of glass were found in the highway; that these pieces of glass were afterwards picked up by the deputy sheriffs and fitted into the pieces yet remaining in the light frame

of defendant's truck.    The defendant admitted that
he ran over the decedent, thinking he was a blanket
lying in the road.    It was dark and his lights were
poor.    That he stopped his car and went back and
found it was a dead man instead of a blanket, and
assisted in carrying him to the side of the road.

1. Counsel contend the court was in error in refus-
ing to direct a verdict for defendant, on the ground
that no negligence was shown, and because the de-
cedent was guilty of contributory negligence.    The
court could not well have directed a verdict because
Brodbeck, the driver of the car, was not negligent, as
he admitted that he was negligent in that he drove a
car which he could not stop within the range of his
lights.    This has been declared by this court to be
negligence.    *Spencer* v. *Taylor*, 219 Mich. 110; *Ott*
v. *Wilson*, 216 Mich. 499; *Harnau* v. *Haight*, 189 Mich.
600 (13 N. C. C. A. 566).    See, also, Huddy on Auto-
mobiles (5th Ed.), p. 377.    It was, therefore, a ques-
tion for a jury to say whether that negligence, or some
other negligence, was the proximate cause of death.

The proofs were open to the inference that the ad-
mitted negligence was the proximate cause of death.
The proofs show that he was at the place of the acci-
dent a few moments after the east-bound cars had
passed.    His was the only car going in the opposite
direction.    Decedent was alive at the time the east-
bound cars passed.    After Brodbeck passed decedent
was dead, and no other car had passed going west in
the interval.    The glass found in the highway was
found to fit in the glass yet remaining in the rim
of defendant's left light.    These attendant facts were
open to the inference that Brodbeck's negligence was
the cause of death.

2. The claim is made that the decedent was guilty
of contributory negligence, as a matter of law.    If
no one saw the accident we must assume the decedent

was in the exercise of due care for his safety. *Cinadar* v. *Railway Co.*, 193 Mich. 38. The question was one for the jury and the trial court submitted it to them.

3. Complaint is made that the court was in error in permitting the former officers of the county to testify as to the pre-trial experiments in matching the pieces of glass found on the highway into the remaining ones in the left rim of the lights on defendant's truck. It appears that the driver of the truck had an examination before one of the justices. The glass found and the remaining glass in the rim were marked as exhibits. When this trial took place the glass could not be found, and the court permitted the plaintiff to show by parol proof what experiments were made. We think, under these circumstances, the evidence was admissible, in the discretion of the court. 10 R. C. L. p. 1001; *People* v. *Auerbach*, 176 Mich. 23.

4. The jury awarded the plaintiff a verdict of $10,000. Counsel argue that this was excessive. It appears that the decedent was 51 years of age, in good health, and had an expectancy of 20.2 years. It was further shown that he received annually about $2,000 a year from his labor, and that it was expended mainly on his family. This sum was within the proofs, and we do not feel that it should be disturbed.

The judgment is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.