WILKINS *v.* BRADFORD.

1. MOTOR VEHICLES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action for the death of an 8-year old boy, found dead by the side of a public highway and claimed to have been struck by defendant's automobile, evidence *held,* to require the court to submit to the jury the question as to whether defendant's automobile struck the boy.

2. NEGLIGENCE—CIRCUMSTANTIAL EVIDENCE.

Negligence may be proved by circumstantial evidence.

3. EVIDENCE — JURY MAY DRAW LEGITIMATE INFERENCES FROM FACTS.

The jury may draw legitimate inferences from established facts, and to do so is not to speculate or guess the facts.

4. DEATH—CONTRIBUTORY NEGLIGENCE—PRESUMPTION IN ABSENCE OF EYEWITNESS.

Where there were no eyewitnesses to an accident in which a boy walking on a public highway was struck and killed by an automobile, the law raises the presumption that he was in the exercise of due care, and therefore his contributory negligence was not a question for the jury.

5. MOTOR VEHICLES—DRIVER MUST KEEP LOOKOUT—STOP WITHIN RANGE OF VISION.

The driver of an automobile has the duty, not only to keep a lookout ahead and to have his car under control, but also to drive at such speed that he can stop within the range of his vision.

6. SAME—NEGLIGENCE—INFERENCES—WEIGHT OF EVIDENCE.

Where, in an action for the death of an 8-year old boy, struck by defendant's automobile, there was a presumption that the boy was in the exercise of due care, and the evidence justified a legitimate inference that defendant was negligent, his negligence was for the jury, and its finding that he was negligent was not against the weight of evidence.

Error to Berrien; White (Charles E.), J. Submitted April 2, 1929. (Docket No. 12, Calendar No. 34,175.) Decided June 3, 1929.

Case by Kenneth D. Wilkins, special administrator of the estate of Joseph Balun, deceased, against Clarence A. Bradford for the negligent killing of plaintiff's decedent. From a judgment for plaintiff, defendant brings error. Affirmed.

*Stratton & Evans* (*Kenneth D. Wilkins*, of counsel), for plaintiff.

*John J. Sterling,* for defendant.

FEAD, J. Some time after 7 o'clock in the evening of August 17, 1927, an overcast, cloudy night, so dark that drivers had their headlights on, Joseph Balun, 8 years old, was sent by his parents to carry a two-quart pail of milk to a neighbor. He was next discovered lying on the east side of public high-way U. S. 12, which runs north and south. He was dead, with his skull fractured and his neck broken, either of which injuries would have caused instant death. The milk pail was found 75 or more feet south, with a deep dent in it and the handle bent. There were no eyewitnesses to the accident.

Defendant drove north on the road about the time of the injury to decedent. A mile north of where Joseph was found, defendant came upon a wagon going north, attempted to turn to the left, saw another car approaching, and to avoid an accident turned to the right, lightly struck the wagon, ran across a small ditch into a field, attempted to drive out but could not, and remained there for some time, his car headed south. Immediately before defendant struck the wagon a car passed him going south, and the occupants testified they met no other vehicle before they reached the boy. As they came to where Joseph was lying, another car drove up. Some of the occupants of the two cars summoned a deputy sheriff, physician, and undertaker. After examining the boy, the deputy sheriff and physician went to where defendant's car was stalled in the field. They testified they found milk on the radiator and wind-shield of the car, smelled warm milk, found hair on the car which corresponded in color and texture with Joseph's, and discovered a dent in the radiator about the size of the boy's head, with hair in it simi-

lar to his. Others examined the car in the field and at the jail and gave corroborating testimony. There was also evidence that defendant was excited, said he had been going to Chicago, which was south, and that if he hit the boy, he did not know it. This evidence, while disputed and explained in many respects, required the court to submit to the jury the question of whether defendant's car struck decedent.

The claims of negligence submitted to the jury were:

(a) That defendant was driving at an unreasonable rate of speed; (b) that he did not have the car under reasonable control; and (c) that he did not keep a proper lookout.

There was no direct evidence of negligence. But negligence may be proved by circumstantial evidence. *Burghardt* v. *Detroit United Railway,* 206 Mich. 545 (5 A. L. R. 1333). The jury may draw legitimate inferences from established facts, and to do so is not to speculate or guess the facts. *Heppenstall Steel Co.* v. *Railway Co.,* 242 Mich. 464.

As there were no eyewitnesses to the injury, the law raises the presumption that decedent was in the exercise of due care. Contributory negligence was not a question for the jury. The driver of an automobile has the duty, not only to keep a lookout ahead and to have his car under control, but also to drive at such speed that he can stop within the range of his vision. The latter is a rule of safety. *Ruth* v. *Vroom,* 245 Mich. 88.

Assuming, from the verdict, that defendant's car struck decedent, and from the presumption of law, that decedent was in the exercise of due care, it is a legitimate inference, if not an inevitable conclusion,

that defendant was guilty of one or more of the acts of negligence charged against him. If he had kept a proper lookout, had his car under control and could have stopped within the range of his vision, he necessarily would have seen decedent and have stopped in time or driven around him. The alternative is the incredible hypothesis that defendant seasonably saw decedent and ran him down. The injury could not have occurred with both defendant and decedent exercising due care. Defendant's negligence was for the jury, and its finding that he was negligent was not against the great weight of evidence.

We have considered the other assignments of error briefed by counsel, but they are so plainly without merit as to require no discussion.

Judgment for plaintiff is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, Mc-DONALD, POTTER, and SHARPE, JJ., concurred.