HAZZARD v. HENEVELD.

1. MOTOR VEHICLES—NEGLIGENCE—ENTERING HIGHWAY FROM PRI-
VATE DRIVE—PRESUMPTIONS—STATUTES.

Automobile driver on highway has right to assume that auto-
mobile entering highway from oil station driveway will come
to full stop before so entering, as required by law (1 Comp.
Laws 1929, § 4713).

2. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—FAILURE
TO STOP.

In action for personal injuries received by plaintiff when auto-
mobile in which she was passenger was struck by defendant's
automobile on entering highway from oil station driveway
without first coming to full stop, finding of trial court that
defendant was guilty of negligence which was proximate cause
of accident, and that driver of plaintiff's automobile was free
from contributory negligence, entitling plaintiff to recover,
held, justified, under evidence (1 Comp. Laws 1929, § 4713).

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted April 6, 1933. (Docket No. 42, Calendar
No. 37,058.) Decided May 16, 1933.

Case by Lillian Hazzard against George E. Hen-
eveld for personal injuries sustained in an auto-
mobile accident. Judgment for plaintiff. Defend-
ant appeals. Affirmed.

*Earl L. Burhans* and *Clare E. Hoffman,* for plain-
tiff.

*Diekema, Cross & Ten Cate,* for defendant.

NORTH, J. Plaintiff recovered damages against
defendant arising from an automobile collision, and
defendant has appealed. The case was tried before

the court without a jury, and appellant complains that the trial court was in error in holding that the driver of the automobile in which plaintiff was riding at the time of the accident was not guilty of contributory negligence, and also in holding that the defendant was guilty of negligence which was the proximate cause of the accident and plaintiff's damages. In an opinion filed by the trial judge the facts and issues are so clearly presented that we quote it in part:

"This is a case arising from an automobile collision which occurred in the forenoon of December 31, 1929, near the west limits of the village of Decatur, in Van Buren county, on what is known as M-40.

"The plaintiff, together with one Ella Hazzard, was riding in the rear seat of a Chevrolet coach owned and driven by her brother-in-law, Thomas Vander Geest; this coach collided with a Hudson coach owned and driven by defendant in front of the eastern approach to an oil station situated on the north side of this highway and operated by Mr. Baker.

"The street at and each way from the scene of the accident is practically level; a concrete paved road 18 feet wide with a graveled portion on the south side about six feet wide up to a curb. There had been some snow-fall, and the road, including the graveled portion, had been cleared by a plow pushing the snow to the south side of the gravel up to the curb, so that the entire road was covered to some extent at least, not with ice, but with a thin coating of packed snow, excepting a portion of the concrete in the middle, thus rendering the road and approaches thereto more or less slippery in spots.

"Mr. Vander Geest lived about one-half block east of the oil station; he had gone to plaintiff's home farther east, picked up the plaintiff and the other lady, and they were driving along this road in a

westerly direction about to enter upon a trip to some place out of the State. The driver intended stopping at his home and came nearly to a stop at that place, then changed his mind and proceeded. Shortly before reaching the oil station he noticed defendant's car either starting or about to start from the oil station to the north of the highway; he blew his horn as a warning to defendant, and crossed diagonally to the south side of the concrete, so that his car at the time of collision was on the south half of the pavement; as he reached a position about opposite the easterly approach of the oil station, defendant's car struck the Chevrolet squarely in the right side, damaging the back of the front fender and the front part of the rear fender, the running board, and door on the right side, and shoved the Chevrolet entirely across the graveled portion of the road, in the bank of snow thrown up by the plow. * * *

"The preponderance of the evidence is to the effect that the Chevrolet car was struck violently in its right side and pushed entirely across the graveled portion of the highway to the south and into the snowbank, and the nature of the damage to the car is such that there can be no doubt of the violence of the impact. The statute provides that:

"One entering a public highway from a private drive shall come to a full stop before entering such highway, and the driver so entering shall yield the right-of-way to all approaching vehicles. (1 Comp. Laws 1929, § 4713.)

"The cases are uniform in holding that a driver on a public highway has a right to assume that the law will be obeyed by a car so approaching, and it is apparent that the driver of the Chevrolet did everything he might reasonably be expected to do under the circumstances to avoid a collision both by warning signal and by turning to the south side of the highway, and is held to be free from con-

tributory negligence. It is apparent that there was nothing that plaintiff could have done to avoid the collision. She was a passenger in the rear seat, and is held free from contributory negligence.

"Defendant was bound to know the condition of the street and of the driveway approaching the street, and was bound to exercise care commensurate with the situation, and his failure in this regard renders him liable to plaintiff."

A careful review of this record satisfies us that the testimony supports the facts as found by the trial judge and that such facts justify recovery by plaintiff. No complaint is made of the amount of damages as fixed in the circuit court.

The judgment entered is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.