MARCINIAK *v.* SUNDEEN.

1. AUTOMOBILES—INTERSECTIONS—THROUGH HIGHWAYS—STOPPING.

   Motorist on through highway has right to assume that driver on cross-road will obey statute requiring him to come to full stop before entering through highway but is not entitled to proceed heedlessly into unobstructed intersection although he does have right of way (1 Comp. Laws 1929, §§ 4712, 4715).

2. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—THROUGH HIGHWAYS—QUESTION FOR TRIER OF THE FACTS.

   In action tried without jury, questions of negligence of defendant motorist on cross-road and contributory negligence of plaintiff's decedent motorist on through highway *held*, questions of fact where evidence as to whether defendant checked his speed was conflicting (1 Comp. Laws 1929, §§ 4712, 4715).

3. APPEAL AND ERROR—MOTION FOR JUDGMENT IN TRIAL WITHOUT JURY.

   Motion for judgment of no cause of action made at close of plaintiff's proofs and renewed after all proofs were in is assumed to have been decided adversely to moving party where it was not specifically determined and trial judge, sitting without a jury, determined plaintiff's decedent guilty of contributory negligence as a matter of fact.

4. SAME—FINDINGS OF FACT—CONFLICTING TESTIMONY.

   Supreme Court is reluctant to disturb findings of fact which involve adoption of one of two conflicting versions of testimony and will not do so unless the facts clearly preponderate in opposite direction.

5. EVIDENCE—STATUTES—KNOWLEDGE PRESUMED.

   Knowledge of statute permitting local authorities to erect stop signs on roads crossing through highways and requiring drivers to come to full stop in accordance therewith was chargeable to both motorists whose cars collided at unobstructed intersection of crossroad and through highway (1 Comp. Laws 1929, § 4715).

6. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In action for death of motorist on through highway whose car collided with defendant's car while latter was crossing without having stopped before entering a dry intersection late in the afternoon of a summer day while it was yet daylight, speed of each car, distance from intersection when decedent's passengers saw defendant and statute relative to stopping before crossing through highway *held*, to bear upon questions of defendant's negligence and decedent's contributory negligence (1 Comp. Laws 1929, §§ 4712, 4715).

7. APPEAL AND ERROR — AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—INTERSECTION COLLISION—QUESTIONS OF FACT.

In action by administratrix of estate of motorist on through highway for death following collision with defendant's car which had entered intersection without stopping, evidence relative to place and character of collision *held*, sufficient to present as issues of fact for trial court sitting without a jury defendant's negligence and decedent's contributory negligence and to support its decision thereon (1 Comp. Laws 1929, §§ 4712, 4715).

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 15, 1936. (Docket No. 112, Calendar No. 39,089.) Decided December 28, 1936.

Case by Catherine Marciniak, administratrix of the estate of William Marciniak, deceased, against Hans R. Sundeen for personal injuries, sustained in a collision between automobiles at an intersection, causing death of plaintiff's decedent. Judgment for defendant. Plaintiff appeals. Affirmed.

*Frank S. Caswell* (*John F. Wood*, of counsel), for plaintiff.

*Clyde L. Fulton* (*Colin J. McRae*, of counsel), for defendant.

BUSHNELL, J. This negligence case was tried by the court without a jury. The court found that,

under either party's version of the testimony, both were guilty of negligence and accordingly entered a judgment for defendant.

The accident occurred within the intersection of Hoover road and Ten Mile road in Macomb county between the hours of 5 p. m. and 7 p. m. on July 2, 1933, while it was still daylight. The pavement was dry and there was nothing to prevent either driver seeing the other as they approached the intersection. Ten Mile road runs east and west and Hoover road north and south; both are paved and over the center of the crossing is a yellow, electric, flashing warning signal which shows in both directions at all times. There are stop signs on Ten Mile road for those crossing Hoover road, the latter being a through highway.

Plaintiff's decedent with two other young men were proceeding in a southerly direction on Hoover road towards the city of Detroit in a Ford roadster which decedent was driving, the two others being seated by his side. When decedent's car was about 25 yards from the intersection, decedent's passengers observed defendant's car approaching Hoover road. The westbound car driven by defendant hit decedent's car, throwing the latter into the ditch and fatally injuring its driver. Both of decedent's passengers say that neither car altered its speed before the accident and further agree that when they first observed defendant, he was twice as far from the center of the intersection than they were themselves. Defendant claims that he slowed down to about two or three miles per hour while passing the stop sign on Ten Mile road and was forced to put his car into second gear before entering the intersection; that he looked to the right and left and saw nothing; and that while proceeding

slowly across Hoover road, something flashed by him and the crash followed. He said that his car was spun around, thrown to the south side of the road and came to a stop facing the west, but over on its right side and that the frame of his car was bent to the left. While he admits that he struck decedent's car in front of its left rear fender, he claims that he believed Hoover road was safe to cross because he did not see any approaching traffic within his clear vision north and south of 500 feet. One of his passengers said that he made like observations with the same result. The court in entering a judgment, said:

"The rule is well settled in cases of this kind that the burden rests upon the plaintiff to establish, not only that the accident was caused by the negligence of the defendant, but that the plaintiff was free from contributory negligence. Now, so far as the question of defendant's negligence is concerned, under the defendant's own testimony, he admits he did not bring his car to a full stop. He testified that he slowed down 3 to 5 miles an hour and shifted into second gear. He did not stop before entering the intersection, and I think under the well-settled rule, it must be held that he was negligent.

"Now, on the other hand, we take the version of the plaintiff's own witnesses. There is no doubt in my mind but that he was guilty of contributory negligence. Both of these witnesses testified that they looked to the east and saw the defendant's car approaching the intersection at a high rate of speed. The deceased made no effort to check the speed of his car and drove into the intersection at a speed, which the witnesses testify, was from 25 to 30 miles an hour. Had the deceased looked to the east he could have seen the car approaching. Certainly the danger was open and obvious to the drivers of both cars, had either one of them paid any attention to

the existing traffic on the highway. The view was unobstructed at this intersection. I am satisfied that both of the drivers were guilty of negligence under the version of either one. Under those circumstances, I don't see how the court can permit any recovery.''

At the close of plaintiff's testimony, defendant asked for a judgment of no cause of action on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law. The trial judge directed the defendant to proceed and indicated that he would ''overrule the motion for the present.'' After both sides had rested, the court's attention was again called to defendant's pending motion.

The record does not contain a ruling on this motion except as shown in the excerpt heretofore quoted from the remarks of the trial judge.

Plaintiff's decedent had a right to assume that defendant Sundeen would obey the statute requiring him to come to a full stop before entering Hoover road, a through highway (1 Comp. Laws 1929, § 4715, and *Hazzard* v. *Heneveld,* 263 Mich. 253), but, notwithstanding the fact that Marciniak had the right of way (1 Comp. Laws 1929, § 4712), he was not entitled to proceed heedlessly and without taking any precaution for the safety of himself and others riding in his automobile. *Smith* v. *Wassink,* 262 Mich. 639, 643.

In *Geeck* v. *Luckenbill,* 215 Mich. 288, the plaintiff observed defendant's car approaching the intersection when it was about 40 rods away and traveling about twice the speed of plaintiff's car. Plaintiff continued toward the crossing doing nothing to avoid the collision despite the fact that defendant continued toward the intersection without lessening

his speed. Neither driver was on a through high-way, although plaintiff was entitled to cross first. The court found plaintiff guilty of contributory negligence as a matter of law. Under similar circumstances the same result was reached in *Ude* v. *Fuller,* 187 Mich. 483. See *Smith* v. *Ormiston,* 242 Mich. 600.

In the instant case, there is no evidence indicating whether plaintiff's decedent did or did not see the defendant's car as the latter approached the intersection. There is conflicting testimony as to whether defendant slowed down for the crossing. Defendant claims he did slow down, the passengers in Marciniak's car asserting that he did not. If the defendant actually checked his speed as he claims, and the plaintiff's decedent actually observed him so doing, then Marciniak could not be contributorily negligent as a matter of law. In view of the conflicting testimony of the defendant and the passengers in deceased's car as to the manner of the occurrence of the accident, the question of the plaintiff's decedent's contributory negligence must be considered to be one of fact.

We assume from this record that the motion herein referred to, but not specifically determined, was decided adversely to the moving party and that the trial judge sitting without a jury determined that the question of decedent's contributory negligence was one of fact.

We are reluctant to disturb findings which involved the adoption of one of two conflicting versions in testimony and will not do so unless the facts clearly preponderate in the opposite direction. *Paton* v. *Stealy,* 272 Mich. 57.

The speed of the vehicles, their distance from the intersection at the time decedent's passengers made

their observation, the inhibition of the statute, 1 Comp. Laws 1929, § 4715, which states: "Local authorities with reference to highways under their jurisdiction are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs that shall be octagon in shape notifying drivers of vehicles to come to a full stop before entering or crossing such designated highways, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto;" knowledge of which is chargeable to both parties, all bear upon the questions of negligence and contributory negligence. *Buchel* v. *Williams,* 273 Mich. 132.

There was enough evidence relative to the place and character of the collision to present as an issue of fact defendant's negligence and decedent's contributory negligence. *Filter* v. *Mohr,* 275 Mich. 230.

The conclusion reached by the trial judge is supported by testimony (*Bugbee* v. *Fowle,* 277 Mich. 485, 490), and the judgment is affirmed, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.