POTTER *v.* FELICIAN SISTERS HOME FOR ORPHANS.

1. AUTOMOBILES—THROUGH HIGHWAYS—STOPPING.
   Failure of a motorist to stop at a through highway is negligence.

2. NEGLIGENCE—DEFINITION.

   One is not negligent unless he fails to exercise that degree of reasonable care that would be exercised by a person of ordinary prudence under all the existing circumstances in view of the probable danger of injury.

3. SAME—PLEADING—EVIDENCE.

   A driver cannot be convicted of negligence on a general charge that he did not exercise the care a prudent person would have used under the circumstances but it is necessary to prove the specific act he did or did not do.

4. AUTOMOBILES—THROUGH HIGHWAYS — STOPPING — CONTRIBUTORY NEGLIGENCE.

   In action tried without a jury and arising out of collision between truck going easterly across through highway at intersection on bright, clear day when pavement was dry, surrounding territory was flat and free from obstructions so that truck driver and plaintiff's decedent's driver, traveling northerly on through highway, had a clear view of the intersection and respective roads for some distance, under testimony of sole surviving eyewitness, an attendant at gas station on southeast corner, that both cars approached intersection at 35 miles an hour without slackening speed, that trucker drove into intersection without stopping, intersecting road was appropriately marked, plaintiff's driver swerved to right immediately before collision, plaintiff's decedent's driver *held,* not guilty of contributory negligence since she was on a through highway and had a right to assume that trucker would obey law and come to full stop before entering through highway.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 17, 1937. (Docket No. 43, Calendar No. 39,515.) Decided September 1, 1937.

Case by Gerald Potter, administrator *de bonis non* of the estate of William Potter, against Felician Sisters Home for Orphans, a Michigan corporation, for personal injuries sustained in an intersection collision causing death of plaintiff's decedent. Judgment for plaintiff. Defendant appeals. Affirmed.

*Clark C. Seely,* for plaintiff.

*William Henry Gallagher* (*Frank Fitzgerald,* of counsel), for defendant.

SHARPE, J.  At about 11 o'clock in the forenoon of August 22, 1934, plaintiff's decedent was riding in his own Packard automobile which was being driven in a northerly direction on John R road by his wife. At the same time a Ford V-8 truck loaded with gravel and owned by defendant was being driven by its employee in an easterly direction on the Fifteen Mile road approaching the intersection of John R road.  The cars collided resulting in severe injuries to plaintiff's decedent from which he later died.  The driver of the truck was instantly killed and when the cause came on for trial the wife of plaintiff's decedent was also dead.  The only eyewitness who testified was an attendant at the gas station on the southeast corner of the intersection who was sitting in his car off the highway at the time of the accident. He testified that both cars approached the intersection traveling about 35 miles per hour; that neither car slackened its speed; that defendant's truck was driven into John R road without stopping and crashed into plaintiff's decedent's car; that just before the crash, the Packard car swerved somewhat to the right.  John R road is a through highway and at the time of the accident was designated by appropriate signs.  On the Fifteen Mile road about 50 feet west of the intersection was a State highway sign reading "stop" and about 200 feet west of the intersection was another State highway sign reading "slow."  Both highways are paved, the day was clear and bright, the pavement dry, the surrounding territory flat and free from obstructions so that both

drivers had a clear view of the intersection and of the intersecting roads for some distance in each direction.

At the close of plaintiff's case, defendant moved for a judgment of no cause of action upon the theory that had Mrs. Potter, the driver of the car, made suitable observation of approaching cars she would have observed the Ford truck about the same distance from the intersection as her own car, and approaching at about the same rate of speed without at any time giving any indication that it was going to stop before entering the intersection to accord her the right of way; and that because of her failure to make such observations and to act accordingly she was guilty of such contributory negligence as precludes recovery in this cause. The trial court denied defendant's motion and later awarded plaintiff a judgment in the sum of $6,000.

Defendant appeals and contends that the case at bar is governed by *Marciniak* v. *Sundeen,* 278 Mich. 407, where we said:

"Plaintiff's decedent had a right to assume that defendant Sundeen would obey the statute requiring him to come to a full stop before entering Hoover road, a through highway (1 Comp. Laws 1929, § 4715, and *Hazzard* v. *Heneveld,* 263 Mich. 253), but, notwithstanding the fact that Marciniak had the right of way (1 Comp. Laws 1929, § 4712), he was not entitled to proceed heedlessly and without taking any precaution for the safety of himself and others riding in his automobile. *Smith* v. *Wassink,* 262 Mich. 639, 643."

In this cause there is no claim that the driver of the defendant's truck was not negligent in failing to stop before entering the intersection of John R road and Fifteen Mile road. Failure to stop at a through highway is negligence. See *Hilliker* v. *Nelson,* 269

Mich. 359; *Pulford* v. *Mouw,* 279 Mich. 376; *Arnold* v. *Krug,* 279 Mich. 702; *Leader* v. *Staver,* 278 Mich. 234.

The facts are not in dispute, and if plaintiff is to recover, it must be shown that the driver of plaintiff's decedent's car was free from contributory negligence. In *Pulford* v. *Mouw, supra,* we said:

"One is not negligent unless he fails to exercise that degree of reasonable care that would be exercised by a person of ordinary prudence under all the existing circumstances in view of the probable danger of injury. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich. 99, 118, and *Mikulski* v. *Morgan,* 268 Mich. 314. Pulford was proceeding on a through street; he had the right to assume that Mouw would obey the statute which required him to come to a full stop before entering Campbell road. See 1 Comp. Laws 1929, § 4715; and *Weil* v. *Longyear,* 263 Mich. 22.

"The speed of the two vehicles, as they approached the intersection, the testimony of Cook and his wife, the inhibition of the statute just cited, the place and character of the collision, the skid marks upon the pavement starting from the point of impact, the damage to the respective cars, the defendant Mouw's admitted negligence produce a state of facts upon which reasonable men may fairly arrive at different conclusions. The issue of fact thus presented, makes the matter of decedent's contributory negligence a question for the jury. *Detroit & Milwaukee R. Co.* v. *Van Steinburg, supra, Filter* v. *Mohr,* 275 Mich. 230, and *Marciniak* v. *Sundeen,* 278 Mich. 407. See, also, *Thompson* v. *Michigan Cab Co.,* 279 Mich. 370."

In *Arnold* v. *Krug, supra,* we said:

"A driver cannot be convicted of negligence on a general charge that he did not exercise the care a prudent person would have used under the circum-

stances. It is necessary to charge and prove the specific act he did or did not do. Wallace was driving on the right hand side of the road at a very reasonable rate of speed and with his truck under control. The only claim of fault which could be made against him, and which the court found, is that he failed to reduce his speed as he neared the intersection. But to what rate should he have reduced the speed? It is evident that, to have avoided the collision, he would have had to so slacken his speed that he could have stopped well within 30 feet. To impose such a duty on drivers upon trunkline highways would seriously impair their purpose, be foreign to the general conception of careful drivers of their rights and duties upon them, in large measure destroy the preferential right of way, and offer inducement to drivers approaching on intersection roads to violate their legal duties. It is not the rule as a matter of law."

In this cause there is no evidence to sustain defendant's claim that the driver of plaintiff's car proceeded heedlessly and without precaution as she entered the intersection. The only evidence relating to this phase of the accident is that plaintiff's decedent's driver swerved her car to the right just before the impact. The driver of the Packard was proceeding upon a through highway and had a right to assume that the driver of defendant's truck would obey the law and come to a full stop before entering John R road.

This cause was tried without a jury and the judgment of the trial court is affirmed, with costs to plaintiff.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.