HOLLEY *v.* FARLEY.

1. AUTOMOBILES—THROUGH HIGHWAYS—INTERSECTIONS—STOPPING— NEGLIGENCE.

Motorist who entered through highway and collided with car thereon without having obeyed stop sign located on intersecting highway was guilty of negligence.

2. APPEAL AND ERROR—DIRECTED VERDICT—WRONG REASON.

If a court is right in directing a verdict it will stand as directed notwithstanding court may have given a wrong reason therefor.

3. AUTOMOBILES—INTERSECTIONS—RIGHT OF WAY—OBSERVATIONS.

A motorist who has the right of way at an intersection has the duty of making observation of existing conditions and taking possible precautionary action thereunder.

4. SAME—THROUGH HIGHWAYS—CONTRIBUTORY NEGLIGENCE—IM-
PUTED NEGLIGENCE TO PASSENGER.

   Motorist on through highway who passed an obstruction and
     thereafter had opportunity to observe defendants' car ap-
     proaching from right in time to avoid collision but failed to
     look to right after passing the obstruction until too late to
     avoid collision *held*, guilty of contributory negligence imputable
     to plaintiff's decedent, a passenger.

   Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted June 15, 1939. (Docket No. 111, Calen-
dar No. 40,460.) Decided September 5, 1939.

   Case by John Holley, as administrator of the es-
tate of Sidney Holley, deceased, against Leroy W.
Farley and Mareta A. Farley for damages for fatal
injuries sustained by plaintiff's decedent in an auto-
mobile collision at an intersection. Directed verdict
and judgment for defendants. Plaintiff appeals.
Affirmed.

   *Herbert L. Dudley* and *James R. Golden*, for
plaintiff.

   *Joseph W. McAuliffe*, for defendants.

   WIEST, J. Sunday forenoon, July 18, 1937, an
automobile, in which plaintiff's decedent was riding,
proceeding in a westerly direction on M-60, a trunk
line highway in Branch county, while crossing the
intersection of M-78, also a trunk line highway, at a
speed of about 30 miles per hour, was struck by
defendant's automobile which entered the intersec-
tion from the north at a speed of about 45 miles per
hour, and plaintiff's decedent received fatal inju-
ries. Highway M-78 had a stop sign which was not

obeyed by defendant Mareta A. Farley, who was driving the car owned by defendant Leroy W. Farley, and Mrs. Farley was guilty of negligence.

As the car in which plaintiff's decedent was riding approached the intersection the driver, when about 150 feet east thereof, looked to his right but his view of the other highway was obstructed and he turned his attention to the left and did not again look to the right until one of his passengers called "Look out," and the collision immediately followed.

Plaintiff's witness, the passenger who called "Look out," testified that he looked to the right and—

"Before we entered the intersection I observed an automobile on M-78. That automobile on M-78 when I first observed it was, I guess, maybe 125 feet. It was 125 feet from the center line of the intersection."

At the conclusion of plaintiff's proofs the court directed a verdict for defendants on the ground that the driver of the car in which plaintiff's decedent was riding was guilty of contributory negligence in not reducing the speed of his car to 10 miles per hour in approaching the intersection as required by 1 Comp. Laws 1929, § 4713(e) (Stat. Ann. § 9.1581).

Upon motion by plaintiff for a new trial on the ground that the mentioned statute was inapplicable to that intersection the court was not content with the reason stated in directing the verdict, but held the direction of the verdict was right because the driver of the car in which plaintiff's decedent was riding was guilty of contributory negligence in not making observation of approaching traffic, when view thereof was open to him in time to avoid colli-

sion and, under the rule of imputed negligence, plaintiff could not have recovery.

If the court was right in directing the verdict the reason is of little moment as a wrong reason does not nullify right action.

Under the evidence, introduced by plaintiff, the driver of the car in which the deceased was riding could have had the same view of the approaching car as testified to by the passenger on the seat with him, and he failed to make the same until too late.

Under repeated decisions of this court the right of way has attached the duty of making observation of existing conditions and possible precautionary action thereunder. *Kerr* v. *Hayes,* 250 Mich. 19; *Benson* v. *Tucker,* 252 Mich. 385; *Block* v. *Peterson,* 284 Mich. 88; *Koehler* v. *Thom,* 285 Mich. 593.

Under the evidence introduced by plaintiff, the driver of the car was guilty of contributory negligence and, under the rule of imputed negligence, plaintiff cannot have recovery of damages.

The judgment is affirmed, with costs to defendant.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.