BARRY *v.* ELKIN.

1. NEGLIGENCE—DEATH—BURDEN OF PROOF.

The burden of proof rests upon the administratrix to show that her decedent was exercising ordinary care at the time of the accident alleged to have resulted in his death and alleged to be due to defendant's negligence.

2. SAME—PRESUMPTIONS—EYEWITNESSES.

A deceased will be presumed to have been in the exercise of ordinary care and caution, where there were no eyewitnesses to the accident, in the absence of any evidence to the contrary.

3. AUTOMOBILES—EYEWITNESSES—PRESUMPTIONS—COMPELLING DEFENDANT MOTORIST TO TESTIFY.

Defendant motorist involved in an accident is presumed to have seen what was there to be seen, and plaintiff administratrix whose decedent is alleged to have died as a result of injuries there received, may compel the defendant to testify, hence she may not rely on presumption that her decedent was exercising ordinary care at the time, there being an eyewitness (CL 1948, § 617.66).

4. SAME—EYEWITNESSES—EVIDENCE—PRESUMPTIONS.

Defendant motorist whose car is alleged to have been driven from parked position at the curb into lane of moving traffic without making a proper signal and to have struck car driven by plaintiff's decedent is held an eyewitness to the accident, in the absence of evidence to the contrary, hence plaintiff may not rely on presumption that her decedent was exercising ordinary care at the time.

5. NEGLIGENCE—RES IPSA LOQUITUR—EVIDENCE.

Negligence may not be inferred from the mere happening of the accident, it being necessary that there be substantial evidence forming a reasonable basis for the inference of negligence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles § 614; 16 Am Jur, Death § 310.
[2, 5] 5 Am Jur, Automobiles § 606; 16 Am Jur, Death § 302.
[5] 5 Am Jur, Automobiles §§ 607, 609.

6. SAME—PROXIMATE CAUSE—EVIDENCE.

> An action for damages will not lie, where the proofs show the accident, alleged to have resulted fatally, may be due to one of several causes and the proofs do not establish the active cause.

Appeal from Wayne; Davis (Morris K.), J., presiding. Submitted January 8, 1952. (Docket No. 8, Calendar No. 45,020.) Decided March 6, 1952.

Action by Ruth W. Barry, administratrix of the estate of George A. Barry, deceased, against Maurice J. Elkin to recover damages under death act. Judgment for defendant. Plaintiff appeals. Affirmed.

*Virginia Bradford Capper* and *Clarence A. Bradford,* for plaintiff.

*Brown, Jamieson, Dyll, Marentay & Erickson,* for defendant.

BUSHNELL, J. In this action, in which trial by jury was waived, plaintiff Ruth W. Barry, administratrix of the estate of George A. Barry, deceased, sought to recover damages resulting from the claimed negligence of defendant Maurice J. Elkin. At the conclusion of plaintiff's proofs, defendant asked for judgment of no cause of action because of plaintiff's failure to produce any proof of actionable negligence. The motion was granted and plaintiff has appealed from the judgment.

At about 1:15 p.m. on November 19, 1947, police officers attached to the Accident Prevention Bureau were called to investigate an automobile accident on Holden just east of Lincoln avenue in the city of Detroit. They questioned a man waiting there who identified himself as George A. Barry. Barry was shaky, appeared to be nervous, and in a few minutes was gasping for breath. Because of his condition he

was first taken to the receiving hospital and then to Brent's hospital, where he died on November 22d.

Dr. Morris S. Brent testified that Barry was examined in his hospital at 8 p.m. on November 19th. He stated that Barry was then unconscious, in a state of coma, and remained in this condition until his death.

The autopsy report of the coroner contains this statement:

"No marks of violence except minor scratches on chin, and bruises on the inner and outer surface of the left ankle. The heart is moderately enlarged; otherwise the findings are negative; lungs—negative; abdomen, negative; the gyri of the brain as well as the sulci are smoothened; the left febral hemisphere shows a hemorrhage $2\frac{1}{2}$ inches long and 2 inches wide; there is no fractured skull. The cerebral blood vessels are sclerotic."

Dr. Brent testified that, in the light of the coroner's report, he attributed Barry's death to a rupture of a blood vessel in the brain. He said that the tension and shock of the accident could contribute to the hemorrhage. He testified on cross-examination that Barry had a pre-existing prostate condition and high blood pressure, and the cause of death might be "nontraumatic."

Barry's son testified that when he saw his father's car the morning of November 19th, it was in good condition. A garage man who repaired the Barry car testified that he replaced the right front fender, right running board, bumped out the right cowl and right side panel, aligned the grill and hood, straightened the right-wheel hub and drum, and replaced the left front door glass.

It is charged in the declaration that Elkin drove his car from a parked position at the curb into the lane of moving traffic without making a proper sig-

nal, and struck the car being driven by Barry. However, no testimony other than that of the repairman was introduced to show how the accident occurred.

The burden of proof rested upon plaintiff to show that her decedent was exercising ordinary care at the time of the accident. *Fish* v. *Grand Trunk Western Railway,* 275 Mich 718 (on rehearing); and *Malone* v. *Vining,* 313 Mich 315, 322.

Where there is no eyewitness to an accident it will be presumed, in the absence of any evidence to the contrary, that a deceased used ordinary care and caution. *Adams* v. *Iron Cliffs Co.,* 78 Mich 271, 277 (18 Am St Rep 441); *Gembolis* v. *Rydeski,* 258 Mich 521; and *Benaway* v. *Pere Marquette R. Co.,* 296 Mich 1, 5.

Plaintiff's reliance upon this presumption raises the question as to whether Elkin was an eyewitness. In *Peck* v. *Hampel,* 293 Mich 252, 262, Mr. Justice Sharpe, speaking for the majority, said:

"In my opinion the defendant was an eyewitness to the accident. He was presumed to see what was there to be seen. The estate of the deceased was not barred from taking the testimony of defendant. The representative of an estate may compel the living party to testify."[*]

Defendant Elkin was a resident of the city of Detroit and available as a witness, but was not called by plaintiff. In the absence of proof to the contrary it must be held that Elkin was an eyewitness and that plaintiff may not rely upon the claimed presumption.

Negligence may not be inferred from the mere happening of an accident. *Mercure* v. *Popig,* 326 Mich 140.

In the appeal before us plaintiff argues that proof of actionable negligence may be found in the physi-

---

[*] See CL 1948, § 617.66 (Stat Ann § 27.915).—Reporter.

cal facts. See *Heppenstall Steel Co.* v. *Wabash Railway Co.*, 242 Mich 464; *Faustman* v. *Hewitt*, 274 Mich 458; and *Blair* v. *Consolidated Freight Co.*, 327 Mich 167. But there must be more than a mere possibility that the unreasonable conduct of the defendant caused the injury. "There must be substantial evidence which forms a reasonable basis for the inference of negligence." *Poundstone* v. *Niles Creamery*, 293 Mich 455, 460, and *In re Estate of Miller*, 300 Mich 703, 710.

The only testimony in the record in support of plaintiff's claim that defendant was negligent is that pertaining to the physical damage to decedent's car. We agree with the statement of the trial judge, who said:

"I have no basis upon which to determine whose negligence caused this accident without indulging in pure speculation and guess work. The damages are not revealing. The fact that the grill was damaged would indicate that the first point of contact between the motor vehicles may have been with the right front corner of plaintiff's motor vehicle. This evidence would be as consistent with the defendant's theory that plaintiff ran into him while he was in a stationary position as it would be with the plaintiff's theory that defendant drove out into the path of the decedent's car. In any event, under the state of this proof, I find that plaintiff has failed to sustain the burden of proof as to actionable negligence on the part of the defendant."

The testimony produced by plaintiff as to the cause of her decedent's death was merely to the effect that such an accident could have caused the death. Where a death or injury may be due to one of several causes and the proofs do not establish the active cause, damages will not lie. *Blair* v. *Seitner Dry Goods Co.*, 184 Mich 304 (LRA 1915D 524,

Ann Cas 1916C 882); and *Frye* v. *City of Detroit,* 256 Mich 466.

The judgment entered for defendant by the trial judge sitting without a jury is affirmed. Costs to appellee.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.