## DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v. POWE.

Automobiles — Through Highways — Presumptions — Eyewitnesses.

Presumption of due care on part of plaintiff's southbound decedent on through highway is indulged whereas like presumption on part of defendant's eastbound motorist on nonfavored highway is rejected, where there are circumstances presenting an issue of fact and trial judge found that decedent or the driver of defendant's car was negligent in driving in mid-afternoon toward intersection at high rate of speed; all passengers in both vehicles having been killed except one girl in plaintiff's car and she was reading while seated in the back seat, was rendered unconscious and had no knowledge or recollection of the occurrence and no eyewitnesses were available at the trial.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted April 3, 1957. (Docket No. 25, Calendar No. 47,046.) Decided June 3, 1957.

References for Points in Headnotes

[1] 5A Am Jur, Automobiles and Highway Traffic § 923.

Case by Detroit Automobile Inter-Insurance Exchange, a Michigan corporation, subrogee, against Collins Powe for property damage caused by automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*Heilman & Purcell,* for plaintiff.

*Stanton, MacKenzie, Cartwright & Walker,* for defendant.

DETHMERS, C. J. This is a subrogation suit for damages resulting from an intersection collision between 2 automobiles. One was owned and being driven by plaintiff's decedent-assured. The other belonged to a minor who, at the time, was one of its occupants, but, for reasons related to financing its purchase, the defendant, a major and relative of the minor, was named in the certificate of title as owner. All occupants of the 2 automobiles were killed except 1. That survivor, a teenage girl, was riding in the back seat of plaintiff's assured's automobile. She testified that she had been reading a book just before the accident, had not seen it happen, was rendered unconscious by the collision and had no knowledge or recollection of the manner of its occurrence. No eyewitnesses were available at trial.

The collision occurred at 2:30 p. m.; vision was clear and unobstructed. Plaintiff's assured had been driving his automobile south, at from 35 to 40 miles per hour, on highway M-15. It was a through highway, intersected by highway M-81 on which stop signs were located directing traffic thereon to stop before crossing M-15.

A witness testified that he had been travelling east on M-81, at from 60 to 65 miles per hour, when, at a point a little over a mile west of the intersection of the 2 highways, his automobile was passed on the

left by 2 eastbound automobiles, both occupied by
Negroes, travelling about 20 feet apart and at ap-
proximately 80 miles per hour. A minute later he
arrived at the intersection. Standing off the pave-
ment in the northwest corner was an automobile of
the same type as one that had just passed him, oc-
cupied by Negroes, caught in a steel safety cable
which held a pole. The driver succeeded in disen-
gaging it from the cable and drove away with all its
occupants, none of whom could thereafter be located
or produced as witnesses. The witness further tes-
tified that beyond and southeast of the intersection
he saw what looked like a junk pile. This proved to
be the 2 wrecked automobiles of plaintiff's assured
and defendant, one with a sheared-off telephone pole
resting on it. A body was lying near the pavement.
Defendant's wrecked automobile contained Negro
occupants, including defendant's relative, the minor
who was the beneficial owner and had defend-
ant's permission to operate it. At that moment, peo-
ple began coming out of a gasoline station and from
a house near the intersection to the scene of the acci-
dent. Proofs establish that skid marks began 6 feet
west of the center line of M-15 in the intersection
and extended in a southeasterly direction to the lo-
cation of the wrecked automobiles. Pictures in evi-
dence, taken at the scene, show that both automobiles
were completely demolished and indicate that a colli-
sion occurred between them with great force and
violence.

The case was tried by the court without a jury.
Relying on *Clark* v. *Lawrence Baking Co.*, 240 Mich
352; *Wilkins* v. *Bradford*, 247 Mich 157; and *Pentz*
v. *Wetsman*, 269 Mich 496, the trial court began by
indulging the presumption that the drivers of both
vehicles were free from negligence and proceeded to
hold that, with respect to plaintiff's assured, there
was no evidence to overcome that presumption.

That, we think was correct.  There is no proof that he either looked or failed to look, did or did not take reasonable and proper precautions and measures to avoid the accident, or that he either did or failed to do anything which amounted to negligence that contributed to the accident.  Nor do the known physical facts overcome the presumption of due care as to him.  While he could and should have seen the 2 speeding automobiles approaching from his right, he had a right to assume that they would stop for the through highway, M-15.  There are no proofs which show, or from which a reasonable inference may be drawn, that he was or should have been put on notice or should have anticipated, at a time early enough to permit him to avert the accident, that they, or either of them, would fail to heed the stop sign. At worst, insofar as plaintiff is concerned, the physical facts indicate that what proper observation might have disclosed to him was 1 automobile approaching on the pavement and 1 off the pavement on the north shoulder of M-81, with the consequence that when it became, or should have become apparent to him that the approaching automobiles might not stop for the intersection, as one of them subsequently did, he may have been confronted with the dilemma of deciding how best to avert an accident with one or the other of the 2 automobiles, if it was then still possible to do so, whether by stopping short of the paved intersection at the risk of being struck by the 1 north of the pavement, or attempting to drive through the paved intersection ahead of both at the risk of being struck by the other.  The proofs of physical facts are not of a character to overcome the presumption because there is nothing from which it may be determined that a reasonable and prudent driver under like circumstances, after proper observation, would have done otherwise than plaintiff's assured did, nor even that it was any

longer possible for him to do anything to avert the accident once it became, or should have become, apparent that one or the other of the 2 approaching automobiles would not stop before the intersection. Distinguishable are cases cited by defendant in this connection. *Marciniak* v. *Sundeen,* 278 Mich 407; *Holley* v. *Farley,* 289 Mich 676; *Barry* v. *Elkin,* 332 Mich 427. In *Marciniak,* the presumption was not involved because eyewitnesses were present to testify and their testimony disclosed that plaintiff's decedent driver did nothing to avert the accident. The presumption was not involved in *Holley* and surviving eyewitnesses, who, as in *Marciniak,* were passengers in the automobile of plaintiff's decedent, revealed that he had not looked to the right, after passing an obstruction, to see defendant's approaching automobile, which one of the passengers saw 125 feet from the intersection. In *Barry,* it was expressly held that the presumption was without application because of the availability of the defendant as an eyewitness. Cases reiterating the principle that the burden rests on plaintiff to establish his own freedom from contributory negligence and that that burden is not sustained without adducing proofs on the subject are met in the instant case by the presence of the presumption of due care.

Did plaintiff overcome the presumption as to defendant's decedent and prove negligence on his part? We think the facts recited above suffice to permit drawing the reasonable inferences, which when drawn are not against the clear preponderance of the evidence, that defendant's automobile was being driven east on M-81 at a high rate of speed, that it failed to stop for the intersection as required by law, and that, as a result of such negligence, it struck the automobile of plaintiff's assured. The beneficial owner or person who had the title owner's permission to drive it being an occupant of defendant's

automobile at the time of the collision, the inference to be drawn is either that he drove or that another did with his permission, so that liability is to be imputed to him and to defendant as registered owner.[*] *Kerns* v. *Lewis,* 246 Mich 423; *Parks* v. *Pere Marquette R. Co.,* 315 Mich 38. Not in point is *Michigan Aero Club* v. *Shelley,* 283 Mich 401 (1938 US AvR 134, 1 CCH Av 750), which involved the negligent operation of an airplane resulting in its damage, for which the owner sued 1 of its 2 occupants on the theory, which failed of proof, that he was the negligent operator. Absent was the element of an owner-occupant, who must be presumed either to have been operating or to have been responsible for its operation. Furthermore, plaintiff there was the owner of the airplane, enjoying no statutory benefit against either of its occupants of the kind accruing to plaintiff here against the owner of another automobile because of its negligent operation by one driving with the owner's knowledge and consent.

Judgment for plaintiff affirmed, with costs to it.

SHARPE, KELLY, and CARR, JJ., concurred with DETHMERS, C. J.

BLACK, J. (*concurring in affirmance*). Aside from and in addition to insistence that there is a "total lack of evidence" tending to support the trial judge's finding that the driver of the car insured by plaintiff was free from contributory negligence, defendant takes this general position in brief filed here:

"Defendant submits that the record is barren of any evidence that would support any of the following necessary facts: That Willie Powe was driving the defendant's vehicle; that Willie Powe had granted permission to anyone else to drive the vehicle;

[*] See CLS 1954, § 257.401 (Stat Ann 1952 Rev § 9.2101).—RE-PORTER.

that the vehicle in which Powe was found was proceeding along highway M-81; that there was any witness of any act whatsoever on the part of Willie Powe, or anyone in privity with him. And the defendant further submits that there is insufficient evidence to support a finding of fact as to any negligence on the part of Willie Powe."

This case is a substantial fact-duplicate of *Welty Estate* v. *Wolf Estate,* 345 Mich 408. There were no survivors, and no oath-taking witnesses able to relate anything about the final scaring moments. Proven circumstances* nevertheless gave rise in the court below to fair inferences authorizing conclusion that the driver proceeding on the nonfavored highway was guilty of actionable negligence and that the driver proceeding on the favored way was not guilty of contributory fault.

So far as concerns the decedent driver proceeding east on nonfavored M-81, the physical circumstances related in Chief Justice DETHMERS' opinion fully justify the finding of actionable guilt on his part. True, the presumption of due care attended this driver, just as it did the driver approaching on the favored way, yet it established nothing as a matter of law distinguished from its provisional effect in the solution of typical questions of fact. Thus, the trier of facts was entitled to apply the presumption to the driver proceeding on the favored way and to deny its application to the driver required by law to stop before entering the intersection of death.†

---

\* In *Schneider* v. *Pomerville,* 348 Mich 49, we paid tribute to the evidentiary worth of physical circumstances—once verity thereof is established—in motor accident cases.

† Three present members of this Court said, in *Welty, supra* (p 419 of report):

"It is said, however, that the presumption of due care attended the driver in this case. Agreed. But the presumption is opposed by circumstantial evidence of negligence on his part, and the result is a typical question of fact to be disposed of under rules.

Turning now to the cases* defendant relies upon: *Marciniak* gives him no help; it concludes, as I conclude in the case before us, that "There was enough evidence relative to the place and character of the collision to present as an issue of fact defendant's negligence and decedent's contributory negligence." As to *Holley,* the presumption of due care was neither urged nor considered and the driver's adjudged negligence was held imputable to plaintiff's decedent as a matter of law. With regard to *Barry,* it follows *Schillinger's* rule† (without referring to *Schillinger*) that the presumption of due care disappears on account of presence of an "eyewitness" whose oath has not been taken (see opinions concurring in result, *Hett* v. *Duffy,* 346 Mich 456, 462–477).

Here, then, is the salient reason for disagreement on my part with reasoning of the Chief Justice. Continued recognition of *Barry*—and, hence, *Schillinger*—simply perpetuates indefensible mutilation of the presumption of due care by naked assumption that an unsworn person "saw something." We are, I think, overdue for renewal of respect for *Gillett's* time-tried summary of rules for application or rejection of such presumption. That summary is quoted as follows (p 421 of report):

"While the above may serve as a rough classification of the decisions relative to the presumption of due care, it will be seen that the real test in each case is whether or not the evidence tending to show contributory negligence, be it direct or circumstantial, is so conclusive that reasonable and unprejudiced minds could not fail to be convinced that decedent was careless. If there is room for reasonable doubt, the question must be submitted to the jury. And

given in the useful and carefully considered opinion of *Gillett* v. *Michigan United Traction Co.,* 205 Mich 410."

\* *Marciniak* v. *Sundeen,* 278 Mich 407; *Holley* v. *Farley,* 289 Mich 676; *Barry* v. *Elkin,* 332 Mich 427.—Reporter.

† *Schillinger* v. *Wyman,* 331 Mich 160.

while the jury, in weighing the evidence, may not consider the presumption, yet if, uninfluenced by the presumption, they reach the conclusion that the evidence tending to show decedent's negligence is not entitled to credit and should be disregarded, the presumption may then be considered as remaining in force so far as may be necessary to establish the fact that the deceased exercised proper care in all respects not expressly established by the evidence. It was not entirely displaced, but remained in abeyance pending the jury's reaching this preliminary decision as to the credence to be given the evidence on the particular point in which negligence was claimed."

I concur in affirmance, with costs to plaintiff.

---

We are constrained to note, from the record in this case, that the testimony certified to us as containing the substance of that which is "necessary to a full understanding of said testimony" consists of but 17 printed pages; that trial of the case below was commenced December 29, 1953, and adjourned to March 8, 1954 (on which later date the trial was concluded), and that the case was not decided until May 1, 1956. The delay is inexcusable.* We record observation of the noted facts in order that lawyers and judges may be apprised of this latest example of cause for adoption of Court Rule No 78 (effective March 1, 1956) and of impending re-examination of our administrative responsibility under sections 4 and 5 of article 7 (Const 1908).

SMITH, EDWARDS, and VOELKER, JJ., concurred with BLACK, J.

---

* "Prompt decision on the merits is imperative, for justice delayed is often justice denied. Sometimes a wrong decision quickly made is better than a right decision after undue procrastination. Some concession must be made to the shortness of human life." (Foreword, p 3, American Law Institute Model Code of Evidence.)