SERIJANIAN *v.* ASSOCIATED MATERIAL & SUPPLY CO.

1. MANUFACTURERS—IMPLIED WARRANTY—PRIVITY OF CONTRACT.

Privity of contract between manufacturer and person injured by a defective product is not required for action on an implied warranty of the product in Michigan.

2. SALES—WARRANTY—ELEMENTS.

Plaintiff who sued supplier of defective bricks for damages caused when brick veneer covering on his house disintegrated, grounding his action on his succession to the rights of his vendor who had purchased the brick, *held*, correctly required to establish his claim of warranty under sections of the uniform sales act setting out the elements of implied warranty of fitness for purpose intended and implied warranty of merchantable quality (CL 1948, § 440.15[1] and [2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Sales § 812 (supp).
    Comment Note.—Manufacturer's liability for negligence causing injury to person or damage to property, of ultimate consumer or user. 164 ALR 569.
[2] 46 Am Jur, Sales § 801 *et seq.*
[3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 53.
[5] 53 Am Jur, Trial § 123.

3. TRIAL—MOTION TO DISMISS—NONJURY CASES.

  The motion to dismiss, which is peculiar to nonjury cases, is a means of midtrial attack on the sufficiency of evidence, aims at an early disposition of the case if plaintiff is unable to show any basis for relief, and differs from a motion for directed verdict in that on a motion to dismiss the court may weigh the evidence (GCR 1963, 504.2).

4. SAME—TECHNICALITIES—MISTAKE OF COUNSEL—REMEDY.

  Good faith attempts to remedy an obvious harm to the plaintiffs in a case should not be made to fail on technicalities or even on mistakes of counsel, where they can be remedied without hardship to the other parties concerned.

5. SAME—MOTION TO DISMISS—MOTION TO REOPEN PROOFS—DISCRETION OF COURT.

  Denial of plaintiff's motion to reopen proofs, upon determination by trial judge on motion to dismiss that plaintiff had failed to establish the element of reliance necessary to establish an implied warranty of fitness for a particular purpose, or, in the alternative, the element of sale by description necessary to establish the implied warranty of merchantable quality, *held,* an abuse of discretion, in a case where the plaintiff had been misled by defendants' positions taken at trial that the element of reliance was not disputed, the parties by which plaintiff proposed to prove the elements of reliance and sale by description were present in the courtroom at the time the motion was made, and there was no showing of undue hardship, surprise, or that defendants would be unable to meet the forthcoming testimony, and defendants had notice that they would be called upon to defend a claim of breach of implied warranty (CL 1948, § 440.15[1] and [2]; GCR 1963, 504.2).

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 October 7, 1965, at Grand Rapids. (Docket No. 36.) Decided June 28, 1967. Rehearing denied November 16, 1967. Leave to appeal denied February 13, 1968. 380 Mich 756.

Declaration by Dicran Serijanian and Armine Serijanian, his wife, against Associated Material & Supply Co., a Michigan corporation, Clarence Zylstra, and Lincoln Brick Company, a Michigan corporation, for damages suffered by failure of defective

brick veneer on a house purchased by plaintiff from
defendant Zylstra. Defendants' motions to dismiss
at close of plaintiffs' case granted. Plaintiffs' mo-
tion to reopen proofs denied. Plaintiffs appeal. Re-
versed, and remanded for further proceedings.

*Himelstein & Ward,* for plaintiff.

*Shivel, Phelps, Linsey & Strain,* for defendant
Zylstra.

*William J. Heyns,* for defendant Associated Ma-
terial & Supply Co.

T. G. KAVANAGH, J. The plaintiffs purchased a
brick veneer house from defendant Zylstra in July,
1956. In the spring of 1957, the bricks began to chip,
crack, flake and otherwise disintegrate. Although
repair was attempted, it was discontinued because
all the bricks were deteriorating and would require
complete replacement. The defect was that the
bricks absorbed too much water, which caused them
to decompose after freezing and thawing.

Defendant Zylstra constructed the house and lived
in it for 2 years, He had purchased the defective
bricks from defendant Associated, which in turn had
purchased them from defendant Lincoln Brick Com-
pany, which had acquired them from their Indiana
manufacturer, Brooklyn Brick Company. Defend-
ant Zylstra cross-claimed against defendant Asso-
ciated, which cross-claimed against defendant
Lincoln Brick.

On January 7, 1964, the trial court granted mo-
tions to dismiss by the defendants after the plaintiffs
had rested their case. The trial court also denied
plaintiffs' motion to reopen proofs.

The dismissal of defendant Lincoln Brick is not
appealed,

Plaintiffs raise 9 questions on this appeal, not all of which are necessary to determine.

The first 2 assignments of error deal with the question of whether privity is required to bring an action on implied warranty. The Michigan rule was stated in *Spence* v. *Three River Builders & Masonry Supply, Inc.* (1958), 353 Mich 120. This and later cases put Michigan in the forefront of those states which do not require privity for actions on implied warranty. *Hill* v. *Harbor Steel & Supply Co.* (1965), 374 Mich 194; *Piercefield* v. *Remington Arms Co., Inc.* (1965), 375 Mich 85.

Because plaintiffs here have limited themselves to rights against Associated which come to them by virtue of their succession to the rights which defendant Zylstra had on account of the sale of the bricks for the construction of the house, the trial court correctly held that here the plaintiffs must establish their claim against Associated under the uniform sales act which provides:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, *and it appears that the buyer relies on the seller's skill or judgment,* whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.

"(2) Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality." (Emphasis supplied.) CL 1948, § 440.15(1) and (2) (Stat Ann 1959 Rev § 19.255), repealed by PA 1962, No 174 (Stat Ann § 19.1101 *et seq.*).

The court held that here plaintiffs failed to establish that purchaser (defendant Zylstra) relied on the seller's (defendant Associated) skill or judg-

ment, or that he had purchased the bricks by description from the seller and ruled that they had therefore not made out a case on implied warranty.

The decisive issue on this appeal is whether the trial judge erred in not setting aside the dismissal and permitting plaintiffs to reopen their proofs.

Under our present practice, the motion to dismiss is peculiar to nonjury cases and differs from a motion for directed verdict in that on a motion for dismissal the court may weigh the evidence. GCR 1963, 504.2. The motion is a means of midtrial attack on the sufficiency of the evidence. It aims at an early disposition of the case if plaintiff is unable to show any basis for relief. See committee notes to Rule 504.2, 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), pp 329, 330.

Here a careful examination of the record convinces us that the issues of reliance and sale by description were primarily in the mind of the trial judge, and properly so. The parties, however, did not advert to them either in their proofs or in their arguments. The plaintiff indicated that since reliance was not disputed it should be treated as admitted and the defendant Associated indicated that any reliance by Zylstra would avail plaintiff nothing so it needn't be denied.

Under these circumstances we cannot say that the absence of proof of reliance was the result of mere laxity or nonprosecution by plaintiff.

When plaintiffs requested to call Zylstra and Associated, all the parties were present in the courtroom. No continuance was requested and we do not see how the proceedings would have been prolonged or disrupted in any material sense. In *Klee* v. *Light* (1960), 360 Mich 419, a denial of a continuance was affirmed by our Supreme Court. The requested continuance was to subpoena a witness to the litigated

lease but plaintiff had already taken the deposition of this same witness. Even under such circumstances, not nearly as impressive as those in the present case, the Court's words in the *Klee Case* at p 429 were guarded:

"This Court would look with some disfavor upon the denial of this motion if it was not for the fact that the deposition of Albert Light had been taken and was on file in the case."

And at p 430:

"Therefore [plaintiffs' attorney's] request to continue the matter   *   *   *   would have availed him nothing."

In the case now before this court the claim of an injured party was dismissed because he was not allowed to question one or both of the parties then present in the courtroom. Since only those 2 parties could supply the missing element of reliance, or purchase by description, their testimony would hardly have been immaterial or surplusage. Compare with *Lincolnhol* v. *Village of Shoreham* (1962), 368 Mich 225, 231.

Defendants Zylstra or Associated would not have been prejudiced by reopening the proofs to allow their testimony. There is no showing of undue hardship, surprise, or that they would be unable to meet the forthcoming testimony. *Gorman* v. *McCleaf* (1963), 369 Mich 237, 240; *Shannon* v. *Polish Falcons of America, Nest No.* 86 (1957), 348 Mich 92, 109. Both defendants had notice that they would be called upon to defend a claim of breach of implied warranty.

The case of *Bonner* v. *Ames* (1959), 356 Mich 537, foreshadows our holding in the present case. There plaintiff's witness described the position of the de-

fendant's automobile in terms of "blocks" distant. On a motion for directed verdict, the trial court said that "block" was not a meaningful term. The plaintiff moved to reopen the proofs to adduce further testimony as to the meaning of "block." The trial court's denial of the motion in that case was held to be an abuse of discretion (p 541):

"The case had not proceeded to such a point, nor had conditions so changed, that any undue advantage would be taken by plaintiff. The principles involved were well stated in *Bommer* v. *Stedelin* (Mo App), 237 SW 2d 225, 229, wherein the court held:

" 'There was no showing of surprise to defendants or of inconvenience to the court, parties, counsel, or jury or that the adverse party would have been deceived or prejudiced in any manner by granting the leave. The ruling on the motion for a directed verdict had not yet been made. The court denied plaintiff the opportunity to offer evidence to prove that defendants owned and operated the parking facility, while at the same time directing a verdict against plaintiff for failure to prove such fact. This constituted an abuse of discretion.' "

We believe that proper judicial discretion requires that no cause should be dismissed for failure of proof until the plaintiff has been given the opportunity to supply any deficiencies if it appears he has been diligent in prosecuting his claim and that no disruption of the court or prejudice to the opposing parties will result. Good faith attempts to remedy an obvious harm to the plaintiffs should not be made to fail on technicalities, *Lund* v. *Starz* (1959), 355 Mich 497, or even on mistakes of counsel where they can be remedied without hardship to the other parties concerned. *Cloutier* v. *City of Owosso* (1955), 343 Mich 238, 246.

Dismissal of the plaintiffs' suit here forever bars his right to recover or to bring a new suit against

these defendants. Its effect is to say that "because you missed the element of reliance, you are out of court." To so hold here, considering the ease with which the additional testimony might have been presented, constitutes an abuse of discretion. Plaintiffs, under the circumstances, should have been permitted to reopen their proofs for the limited purpose contained in their motion.

The dismissal as to both defendants Zylstra and Associated is set aside and the cause remanded for further proceedings consonant with our holding. Appellants may have their costs.

BURNS, P. J., and HOLBROOK, J., concurred.