PEOPLE *v.* RAETZ

1. CRIMINAL LAW—BREAKING AND ENTERING—EVIDENCE.

   A conviction for breaking and entering an unoccupied dwelling with intent to commit a felony can be based on evidence that the dwelling in question was broken into, that a companion of defendants waited while they went to the rear of the dwelling, and that defendants returned to their companion with the items reported to be missing (CL 1948, § 570.310 as amended by PA 1964, No 133).

2. SAME—EVIDENCE—WITNESSES—CROSS-EXAMINATION.

   Trial court's refusal at the close of the people's proofs to allow the defense to call the principal prosecution witness for further cross-examination *held,* not an abuse of discretion when the defense had already been provided and taken advantage of two opportunities to cross-examine this witness.

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 3 October 3, 1968, at Marquette. (Docket Nos. 4,385, 4,386.) Decided December 31, 1968.

Robert I. Raetz and Larry M. Emeigh were convicted of breaking and entering an unoccupied dwelling house. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 45.
[2] 58 Am Jur, Witnesses § 561.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James T. Corden,* Prosecuting Attorney, and *Ronald J. Flanigan,* Assistant Prosecuting Attorney, for the people.

*Richard S. Weber,* for defendants on appeal.

Per Curiam.   Defendants were charged with and convicted of breaking and entering an unoccupied dwelling house, CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

The homeowner testified that in his absence a fastened window had been forced open, his house entered and ransacked, and certain items taken. The people's chief witness, Barbara Groh, testified that she and defendants travelled by car to complainant's house, that she waited while they went to the rear of the house, and that defendants later returned to the car with the items described as missing by the homeowner.   This testimony, if believed, establishes the fact of a breaking and entering as well as the fact of defendants' possession of the stolen articles.   From these facts the jury could find that defendants had forcibly entered the house with intent to commit a felony.   See *People* v. *Eaves* (1966), 4 Mich App 457.   Intent may be inferred from the acts found to have been perpetrated; *People* v. *Lambo* (1967), 8 Mich App 320.   Guilt may be established through circumstantial evidence; *People* v. *Sobczak* (1955), 344 Mich 465.   Defendants' claims of error on these grounds are without merit.   In view of Barbara Groh's testimony the court did not err in failing to direct a verdict, as the question of defendants' guilt or innocence was one for the jury.

Defendants were provided and exercised two opportunities to cross-examine witness Groh.   After

the people rested, defense counsel asked that Barbara Groh be recalled for additional cross-examination. The court's denial of this request was not an abuse of discretion under these circumstances.

At the same time, we find no error in the court's instructions to the jury. There was no evidence of a lesser included offense, no request by defendants regarding the instructions, and no objection to the charge as given. See *People* v. *Stevens* (1968), 9 Mich App 531.

Prior to and during the course of this proceeding, defendants had requested and were denied production of the transcript of an unrelated case involving these same defendants. It was their position that in that prior, unrelated case, Barbara Groh had given inconsistent testimony concerning the present incident and that such testimony could impeach her testimony in this case.

On our own motion we directed that the transcript of her testimony in the prior case be made a part of this record on appeal. We have carefully reviewed it and find no testimony inconsistent with her testimony herein.

Affirmed.

T. G. KAVANAGH, P. J., and MCGREGOR and PHILIP C. ELLIOTT, JJ., concurred.