POTTS v SHEPARD MARINE CONSTRUCTION CO

Docket No. 77422. Submitted January 9, 1986, at Detroit. Decided April 21, 1986. Leave to appeal applied for.

Plaintiff, Julia Potts, as administratrix of the estate of Donald Potts, deceased, brought a wrongful death action in the Wayne Circuit Court against defendant, Shepard Marine Construction Co., alleging that the defendant had been negligent in providing a work barge to the decedent's employer, Trumbull Asphalt Company, and that defendant's negligence was a proximate cause of the decedent's death. The jury found that the defendant was negligent but that this negligence was not a proximate cause of the decedent's death. A verdict of no cause of action was rendered and the trial court, Louis F. Simmons, Jr., J., entered a judgment on the jury verdict. Plaintiff appeals as of right from that judgment. *Held:*

1. The trial court did not abuse its discretion in denying plaintiff's request to recall a witness, the owner of defendant company, for further cross-examination.

2. The trial court properly refused to give the standard jury instruction requested by plaintiff concerning the presumption in wrongful death cases that the decedent acted with ordinary care.

3. The trial court did not abuse its discretion in refusing to qualify plaintiff's accident investigation expert witness for purposes of rendering an opinion on whether defendant had operated the work barge in conformity with good safety engineering practices. Even if error occurred in this regard, it was harmless.

4. The trial court did not abuse its discretion by refusing to

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 26-32.

Am Jur 2d, Shipping §§ 431, 434.

Am Jur 2d, Trial §§ 124 *et seq.,* 573 *et seq.*

Am Jur 2d, Witnesses §§ 424, 626 *et seq.*

Denial of recollection as inconsistent with prior statement so as to render statement admissible. 99 ALR3d 934.

See also the annotations in the ALR3d/4th Quick Index under Exclusion or Suppression of Evidence; Expert and Opinion Evidence; Ships and Vessels § 3.

allow plaintiff to cross-examine the owner of defendant company concerning the details of an indemnification lawsuit that the defendant company was pursuing against Trumbull Asphalt.

5. Plaintiff's claim, that the trial court abused its discretion in not allowing her, during direct examination, to ask an officer of Trumbull Asphalt about the details of defendant's indemnification lawsuit, is factually without merit.

6. The trial court properly denied plaintiff's request to introduce extrinsic evidence of a witness's alleged prior inconsistent statement. Plaintiff failed to comply with the requirements of MRE 613(b) regarding the admission of such evidence.

7. The trial court properly instructed the jury concerning the duty of defendant vessel owner to provide a gangplank. The instruction in this regard, when read as a whole, accurately reflected the law and did not mislead the jury.

8. There was competent evidence to support the jury's verdict that defendant's negligence was not a proximate cause of the decedent's accident or death. The verdict was not against the great weight of the evidence.

Affirmed.

1. TRIAL — EVIDENCE — WITNESSES — RULES OF EVIDENCE.

A trial court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, to avoid needless consumption of time, and to protect witnesses from harassment or undue embarrassment (MRE 611[a]).

2. APPEAL — WITNESSES — RECALL OF WITNESSES.

The Court of Appeals may review a trial court's denial of a request to recall a witness for further cross-examination to determine if there has been an abuse of discretion.

3. TRIAL — STANDARD JURY INSTRUCTIONS — APPEAL.

A trial judge is required to give a requested Michigan Standard Jury Instruction if it is applicable and accurately states the law; a trial judge has a duty to determine the applicability of a requested standard jury instruction in the context of the particular case; an appellate court will not reverse a trial court's decision to refuse to give a requested standard jury instruction unless such refusal resulted in such unfair prejudice that failure to vacate the jury verdict would be inconsistent with substantial justice.

4. Trial — Standard Jury Instructions — Wrongful Death — Presumption of Ordinary Care.

The Michigan Standard Jury Instruction concerning the presumption in wrongful death cases that the decedent acted with ordinary care during the incident leading to his death is properly not given in a trial where there is clear, positive and credible evidence opposing the presumption; clear, positive and credible evidence is that which leads to an inevitable conclusion by all reasonable minds that the decedent was contributorily negligent; the presumption is eliminated in such a case (SJI2d 10.08).

5. Witnesses — Expert Witnesses — Appeal.

The determination of an expert's qualifications is a matter within the sound discretion of the trial judge; the trial judge's decision will not be disturbed on appeal absent an abuse of discretion.

6. Trial — Witnesses — Cross-Examination — Appeal.

The scope of cross-examination of a witness rests within the sound discretion of the trial judge; an appellate court will not reverse the trial judge's decision in this regard absent a clear abuse of discretion.

7. Trial — Witnesses — Cross-Examination.

It is generally permissible to cross-examine an adverse witness to elicit facts which tend to show the witness's relationship with, feelings toward, or bias, prejudice, or interest for or against either party to a lawsuit.

8. Evidence — Exclusion of Evidence — Rules of Evidence.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence (MRE 403).

9. Witnesses — Prior Inconsistent Statements — Extrinsic Evidence — Rules of Evidence.

Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require; this provision does not apply to admissions of a party-opponent as defined in MRE 801(d)(2) (MRE 613[b], 801[d][2]).

10. Shipping — Reasonable Care — Gangplanks.

A vessel owner has a duty to exercise reasonable care under the

circumstances; such duty extends to a gangplank, if one is present, since it is an appurtenance of the vessel.

11. APPEAL — JURY INSTRUCTIONS.
    The Court of Appeals considers the jury instructions as a whole and not in misleading bits and pieces when reviewing an alleged instructional error.

12. APPEAL — JURY VERDICTS.
    A court which reviews a claim that the jury verdict was against the great weight of the evidence may not substitute its judgment for that of the factfinder; a jury's verdict should not be set aside where there is competent evidence to support the verdict.

*Robert L. Ziolkowski,* for plaintiff.

*Fitzgerald, Hodgman, Rutledge, Cawthorne, King & Manion, P.C.* (by *Alvin A. Rutledge* and *Louann Van Der Wiele),* for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

BEASLEY, J. Plaintiff, Julia Potts, as administratrix of the estate of Donald Potts, deceased, filed a wrongful death action against defendant, Shepard Marine Construction Co., alleging that defendant had been negligent in providing a barge to decedent's employer, Trumbull Asphalt Company, and that defendant's negligence was a proximate cause of decedent's death. Defendant filed suit against Trumbull Asphalt Company seeking indemnification for any future liability to plaintiff. Defendant subsequently agreed to dismiss the indemnification action without prejudice. Plaintiff's action against defendant went to trial and the jury returned a verdict of no cause of action. The jury specifically found, on a special verdict form, that defendant was negligent, but that this negligence was not a

* Circuit judge, sitting on the Court of Appeals by assignment.

proximate cause of decedent's death. Plaintiff's motion for a new trial was denied by the trial judge, and plaintiff now appeals from the judgment entered on the verdict as of right.

The record reveals that in February, 1978, defendant entered into a contract with Trumbull Asphalt to dredge the Rouge River at Trumbull's property, install pilings and construct a concrete dock behind the pilings. During construction of the dock, a mud slide occurred which made it impossible for asphalt barges to dock and unload their cargo at Trumbull. In order to allow asphalt barges to dock at Trumbull, defendant placed a work barge next to Trumbull's dock.

On July 26, 1978, decedent was the plant superintendent for Trumbull Asphalt. On that day, decedent and three other employees of Trumbull decided to take samples of asphalt from an asphalt barge docked next to defendant's work barge. In order to get to the asphalt barge, the four men had to walk across a 10-foot-long metal gangplank that connected the dock to the work barge and then walk across the work barge itself. The four men obtained the asphalt samples and placed them in uncovered, one-gallon cans. Four cans were then placed in a metal carton. The temperature of the liquid asphalt was between 260 ° and 270 ° Fahrenheit.

While the other men battened down the hatches on the asphalt barge, decedent took the carton of asphalt samples across the work barge. Decedent moved out of the sight of the other three men as he walked across the work barge. When one of them heard a splash, they rushed to the gangplank connecting the work barge and the dock. They observed decedent's safety helmet and a carton floating in the water. One of the men dove in, but could not find the decedent. After the

accident, the other men noted that the gangplank was dangling from the safety rope and that asphalt was splashed on the dock. Decedent's body was recovered from the Rouge River the same day. Two-thirds of his face was burned and covered with tar. A pathologist testified that decedent died of drowning.

The plant manager of Trumbull Asphalt testified that decedent, as plant superintendent, was responsible for safety inspections and knew that Trumbull employees were required to wear life jackets in the dock area. The life jackets were kept in a supply box on the dock and were available to all employees. At the time of the accident, decedent was not wearing a life jacket. Plaintiff's expert witness, who investigated the accident, testified that decedent would not have died if he had been wearing a life jacket and that decedent had either fallen off the gangplank or the dock, but could not have fallen from the work barge.

The owner of defendant company testified that he was aware that the work barge was dangerous and that people should not walk on it. However, the work barge was not meant to be used as a walking platform, but was only to be used to allow the asphalt barges to dock. The owner also testified that in June, 1978, an official of Trumbull Asphalt had assured him that no one would walk on the work barge. He also testified that defendant had not provided the gangplank to Trumbull Asphalt. The Trumbull employees who testified were not sure where they had gotten the gangplank.

On appeal, plaintiff raises eight issues. First, she claims that the trial judge abused his discretion in refusing to allow her to recall a witness for further cross-examination. The record reveals that plaintiff, represented by two trial counsel, called the owner of defendant company as an adverse wit-

ness. During cross-examination of this witness, it was revealed that the owner had brought his business records to court as requested by plaintiff and that these records had been available for plaintiff's review during the past three days of trial. Plaintiff's counsel continued his cross-examination and defense counsel then cross-examined the witness. Finally, plaintiff's counsel conducted a recross-examination of the witness and stated that he had no further questions. The trial judge then excused the witness.

Plaintiff's counsel then called another witness. Following this witness's lengthy testimony, plaintiff's counsel, for the first time, requested permission to recall the owner of defendant company in order to make inquiries concerning his business records. Defendant objected, since plaintiff and her two counsel had already had ample opportunity to review the business records and question the witness. The trial judge sustained the objection and denied plaintiff permission to recall the witness. The trial judge noted that plaintiff's two trial counsel had had the business records in their possession at the time when they originally questioned the witness and that the desire to recall the witness appeared to be a mere afterthought, the granting of which would place a reprehensible burden on the adverse witness.

We note that MRE 611(a) provides:

Control by Court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

In *People v Raetz,*[1] this Court held that a court's denial of a request to recall a witness for further cross-examination may be reviewed to determine if there has been an abuse of discretion. After reviewing the facts discussed above surrounding plaintiff's delayed request to recall the owner of defendant company as an adverse witness, we conclude that the trial judge did not abuse his discretion in denying the request. As in *Raetz,* plaintiff had two prior opportunities to fully cross-examine the witness as to his business records. As noted by the trial judge, the desire to examine the witness concerning the business records appeared to be a mere afterthought, which presented the possibility of confusing the jury, of needlessly consuming trial time and of harassing the adverse witness.

The situation in the within case is not analogous to that present in *Serijanian v Associated Material & Supply Co,*[2] or in *Knoper v Burton,*[3] where this Court found that the trial court abused its discretion in denying plaintiff an opportunity to reopen proofs. In those cases, the testimony sought to be introduced was vital to the plaintiff's case in that it would establish a necessary element to the cause of action. Without the testimony sought to be introduced in those cases, the "heart would have been cut out" of the plaintiffs' cases.

In the within case, the testimony concerning the business records would not establish an element necessary to plaintiff's cause of action. Plaintiff admits on appeal that the testimony concerning the business records is only possibly relevant to

[1] 15 Mich App 404, 406; 166 NW2d 479 (1968); *Serijanian v Associated Material & Supply Co,* 7 Mich App 275; 151 NW2d 345 (1967), lv den 380 Mich 756 (1968); *Knoper v Burton,* 12 Mich App 644; 163 NW2d 453 (1968).

[2] *Supra.*

[3] *Supra.*

rebut the evidence presented by defendant that previous work barge activity had occurred safely and without complaint. The business records allegedly proved that the previous work barge activity had involved a different work barge than that present on the date of decedent's accident. The absence of this evidence certainly does not cut out the heart of plaintiff's case and does not require this Court to find an abuse of discretion in the trial judge's denial of plaintiff's request to recall the witness.

Plaintiff next argues that the trial judge erred by refusing to give the standard jury instruction concerning the presumption in wrongful death cases that decedent acted with ordinary care.[4] Upon request, a trial judge is required to give a Michigan Standard Jury Instruction if it is applicable and accurately states the law.[5] A trial judge has a duty to determine the applicability of a requested standard jury instruction in the context of the particular case.[6] An appellate court should not reverse a trial court's decision to refuse to give a requested standard jury instruction unless the refusal to give the standard jury instruction resulted in such unfair prejudice that failure to vacate the jury verdict would be inconsistent with substantial justice.[7]

SJI2d 10.08, which concerns the presumption that a decedent exercised ordinary care during the incident leading to his death, is properly not given where there is clear, positive and credible evidence opposing the presumption. Clear, positive and credible evidence is that which leads to an inevitable

---

[4] SJI2d 10.08.

[5] *Van Every v Southeastern Michigan Transportation Authority,* 142 Mich App 256, 259-260; 369 NW2d 875 (1985).

[6] *Johnson v Corbet,* 423 Mich 304, 326-327; 377 NW2d 713 (1985).

[7] *Id.*

conclusion by all reasonable minds that the decedent was contributorily negligent.[8] In such a case, the presumption is eliminated.

In the within case, the trial judge properly refused to give the standard jury instruction concerning the presumption that decedent acted with reasonable care. The record reveals that decedent was a plant superintendent responsible for plant safety. At the time of the drowning accident, decedent's employer had a regulation requiring the use of life jackets in the dock area. Life jackets were available at the dock, but decedent failed to wear one when he walked on the unstable gangplank and work barge. Decedent would not have died if he had been wearing a life jacket. These facts constitute evidence which leads to an inevitable conclusion by all reasonable minds that decedent was careless and contributorily negligent at the time of the incident. Therefore, the presumption of decedent's ordinary care was eliminated, and the trial judge's refusal to give SJI2d 10.08 was proper and was actually consistent with substantial justice.

Plaintiff next argues that the trial judge erred in refusing to allow her accident investigation expert witness to testify as to his opinion on whether defendant operated the work barge in conformity with good safety engineering practices. The record reveals that the trial judge had previously ruled that the expert witness was qualified as an expert in accident reconstruction due to his experience with accidents occurring mainly on land. The trial judge ruled further that the expert witness was not qualified to testify as an expert on the proper operation of barges.

[8] *Hett v Duffy,* 346 Mich 456, 462-463; 78 NW2d 284 (1956); *Petrosky v Dziurman,* 367 Mich 539, 544; 116 NW2d 748 (1962).

We note that the determination of an expert's qualifications is a matter within the sound discretion of the trial judge, and the trial judge's decision will not be disturbed absent an abuse of discretion.[9] The record reveals that plaintiff's expert witness was not familiar with the standard of care applicable to the operation of marine barges. Thus, the trial judge did not abuse his discretion in refusing to qualify the witness as an expert for purposes of rendering an opinion on whether defendant had operated the work barge in conformity with "good safety engineering practices."

In addition, we note that, even if the trial judge abused his discretion in not allowing the expert witness to give his opinion on the applicable standard of care, such an error was harmless. The record indicates that the expert witness was allowed to testify in detail as to what defendant should have done to make the barge safe to walk on. Furthermore, the jury specifically found that defendant was negligent in operating the barge, but that this negligence was not a proximate cause of decedent's death. The admission of the expert's opinion on the applicable standard of care in operating the work barge would not have changed one juror's vote on the issue of proximate cause. Thus, even if error occurred, it was harmless and does not warrant reversal of the jury verdict.

Plaintiff next contends that the trial judge abused his discretion by refusing to allow her to cross-examine the owner of defendant company concerning the details of the indemnification lawsuit defendant was pursuing against Trumbull Asphalt. The scope of cross-examination rests within the sound discretion of the trial judge, and an appellate court will not reverse absent a clear

---

[9] *Dybata v Kistler,* 140 Mich App 65, 68-69; 362 NW2d 891 (1985).

abuse of discretion.[10] However, it is generally permissible to cross-examine an adverse witness to elicit facts which tend to show the witness's relationship with, feelings toward, or bias, prejudice, or interest for or against either party.[11]

Plaintiff asserts that the details of defendant's indemnification suit against Trumbull Asphalt would reveal the bias, prejudice and interest of the owner of defendant company to testify that Trumbull had assured him that no one would walk on the work barge. Thus, plaintiff alleges that the trial judge abused his discretion in not allowing this evidence of bias to come out at trial. Upon review of the record, we disagree. The jury was made aware of the fact that defendant was pursuing an indemnification suit against Trumbull. Furthermore, the owner of defendant company was already naturally biased to give testimony in favor of defendant. Thus, the probative value of the detailed evidence of the indemnification suit was very weak in this situation. In fact, it may have cut the other way since, if the witness believed that his company would eventually be indemnified, he had even less reason to be biased against plaintiff.

In contrast to the weak probative value of the detailed evidence on the indemnification lawsuit, the trial judge noted that such evidence would raise significant risks of confusing the jury and prejudicing defendant. The jury might perceive the indemnity claim as insurance in this matter and, thus, be more inclined to find defendant liable. In light of these substantial risks, we conclude that the trial judge properly refused to allow plaintiff to cross-examine the witness on the details of the indemnification suit since the probative value of

---

[10] *Gibson v Henkin,* 141 Mich App 468, 471; 367 NW2d 418 (1985).
[11] *Id.*

such detailed evidence was substantially outweighed by the danger of its prejudicial effects.[12]

Plaintiff also asserts that the trial judge abused his discretion in not allowing her, during direct examination, to ask an officer of Trumbull Asphalt about the details of defendant's indemnification suit. Plaintiff claims that the existence of the indemnification suit biased the witness and that the witness had a significant interest in testifying that he could not recall his discussions with defendant's personnel on whether Trumbull employees would walk on the work barge.

Plaintiff's claim is factually without merit. The record reveals that the trial judge never limited plaintiff's direct examination of the witness. Plaintiff's counsel merely asked the witness if defendant's indemnification suit against Trumbull existed, to which the witness answered yes. Plaintiff's counsel then stated that he had no further questions of the witness. The possibility of further questioning of the witness concerning the indemnification suit was never explored. Thus, the trial judge never had an opportunity to exercise his discretion on this matter and no error requiring reversal occurred.

Plaintiff next argues that the trial judge erred in refusing to allow her to introduce prior deposition testimony of a Trumbull Asphalt executive, who had testified at trial, through the testimony of the court reporter present at the deposition. Plaintiff was, in effect, attempting to introduce extrinsic evidence of the witness's prior inconsistent statement under MRE 613(b). The witness testified at trial that he could not remember talking to an official of defendant about whether Trumbull employees would have to walk on the work barge.

[12] MRE 403.

Previously, the witness had testified during a deposition that he had talked to defendant's official concerning the need of Trumbull employees to hook up hoses from the work barge and that he assumed defendant's official had realized that Trumbull employees would have to walk on the work barge.

MRE 613(b) provides:

Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(d)(2).

Our review of the record indicates that plaintiff's counsel failed to afford the witness an opportunity to admit, explain or deny the prior inconsistent statement. Plaintiff's counsel, despite considerable guidance from the trial judge and opposing counsel, merely asked the witness if he had ever made a statement to defendant's official. He never specifically asked the witness if he had made the prior statement during his deposition. Thus, plaintiff failed to comply with MRE 613(b), and the trial judge properly denied plaintiff's request to introduce extrinsic evidence of the witness's prior inconsistent statement. Since all extrinsic evidence of the prior inconsistent statement was inadmissible, plaintiff's arguments on appeal, asserting that the court reporter's testimony would fall into various exceptions to the hearsay rule, are legally irrelevant.

Next, plaintiff argues that the trial judge erroneously instructed the jury on the duty of a barge

owner to provide and maintain a safe gangplank. The trial judge instructed the jury as follows:

> The owner of a vessel owes a duty to all on board to exercise reasonable care under the circumstances of each case. A vessel owner who owes a duty to use reasonable care under the circumstances to Donald Potts may not delegate that responsibility to another and thus avoid liability. A work barge of the kind owned by defendant corporation in this case is a vessel within the meaning of the law.
>
> We have a statute in the State of Michigan that states: "An employer shall furnish to each employee, employment and a place of employment which is free from recognized hazards that are causing, or likely to cause death or serious physical harm to the employee."
>
> A gangplank is, as a matter of law, to be considered as an appurtenance of the vessel.

After deliberating for a period of time, the jury sent a note to the trial judge stating that they knew that a gangplank was a part of a vessel, but inquiring:

> Who is responsible for providing a gangplank? Need clarification of laws on providing gangplanks. Is Shepard Marine responsible for gangplanks that they did not provide?

After hearing arguments from both counsel, the trial judge further instructed the jury as follows:

> The attorneys and the court have had an opportunity to discuss this matter for a while, and the court has determined that the proper answer to your questions are to the effect that the vessel owner has no legal obligation to provide a gangplank. And Shepard Marine is rseponsible to use reasonable care under the circumstances of this

case. And it is your responsibility, as the jury, to determine the responsibility of a gangplank that Shepard Marine did not provide.

Plaintiff claims that the trial judge erred in giving these instructions, since a vessel owner does have a duty to provide a gangplank and, even if no such duty exists, the instruction given in response to the jury's question misled the jury by focusing their attention on who was responsible for supplying the gangplank. Plaintiff's argument is without merit. The federal case law cited by plaintiff does not support the contention that a vessel owner has a duty to provide a gangplank. These federal cases merely indicate that a vessel owner has a duty of exercising reasonable care under the circumstances and that this duty extends to a gangplank, if one is present, since it is an appurtenance of the vessel.[13] Therefore, we conclude that the trial judge properly instructed the jury concerning the duty of defendant vessel owner to provide a gangplank.

Furthermore, the trial judge's response to the jury's inquiry did not mislead the jury. When reviewing an alleged instructional error, this Court considers the jury instructions as a whole and not in misleading bits and pieces.[14] The trial judge's instructions, when taken as a whole, adequately informed the jury of the applicable law. Specifically, the jury was originally instructed that a vessel owner has the duty to exercise reasonable care in operating the vessel under the existing circumstances. The jury was also originally instructed, and in its inquiry indicated that it recognized, that if a gangplank is present it is part of

[13] See *Sarauw v Oceanic Navigation Corp*, 622 F2d 1168, 1173 (CA3, 1980), vacated on other grounds 451 US 966; 101 S Ct 2039; 68 L Ed 2d 344 (1981).

[14] *Dziurlikowski v Morley*, 143 Mich App 729, 734; 372 NW2d 648 (1985).

the vessel. The jury was additionally instructed, upon making its inquiry, that a vessel owner is under no duty to provide a gangplank, but is required to use reasonable care under the existing circumstances. When read as a whole, these jury instructions accurately reflected the law and did not mislead the jury.

Last, plaintiff argues, both at trial and on appeal, that a new trial is necessary since the jury verdict was against the great weight of the evidence. In reviewing such a claim, a court may not substitute its judgment for that of the factfinder. Where there is competent evidence to support the jury's verdict, it should not be set aside.[15]

A review of the record indicates that there was competent evidence to support the jury's verdict that defendant's negligence was not a proximate cause of decedent's accident or death. First, the jury may have found that decedent fell off Trumbull Asphalt's dock, not the gangplank. There were no eyewitnesses to the accident. Plaintiff's own expert witness testified that decedent may have fallen off the dock, and several witnesses testified that they observed asphalt splashed on the dock after the accident.

In addition, the jury may have found that decedent's own negligence was the sole proximate cause of his death. Plaintiff's expert stated that decedent would not have died had he been wearing the required life jacket. Decedent was responsible for plant safety and, thus, was certainly aware of the regulations requiring the use of life jackets and the availability of such jackets in the dock area. In spite of this responsibility and knowledge, decedent failed to wear a life jacket.

In light of the competent evidence introduced at

[15] *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 653; 378 NW2d 558 (1985).

trial, we conclude that the jury verdict was not against the great weight of the evidence.

Affirmed.