COLE v ECKSTEIN

Docket No. 141711. Submitted February 4, 1993, at Grand Rapids.
Decided October 18, 1993, at 9:15 A.M.

Dawn M. Cole brought an action in the Grand Traverse Circuit
Court against Robert L. Eckstein, seeking damages for injuries
sustained in an automobile accident allegedly caused by Mr.
Eckstein's negligence. Mr. Eckstein subsequently committed
suicide, for reasons unrelated to the accident, and his estate
was substituted as the defendant. The case was submitted to
mediation. The plaintiff accepted the mediation evaluation, but
Donna A. Eckstein, as personal representative of the estate,
rejected it. The defendant then made an offer of judgment, and
the plaintiff responded with a counteroffer. The matter pro-
ceeded to trial. The jury found that Mr. Eckstein had not been
negligent, and the court, Charles M. Forster, J., entered a
judgment in favor of the defendant. The court then denied the
defendant's request for an award of attorney fees. The plaintiff
appealed, alleging that the court erred in permitting the dece-
dent's wife, Donna A. Eckstein, who was a passenger in the
vehicle being driven by Mr. Eckstein, to testify about the speed
of the plaintiff's vehicle at the time of the accident. The
plaintiff also alleged that the court erred in instructing the
jury, pursuant to SJI2d 10.08, that the decedent was presumed
to have exercised due care. The defendant cross appealed from
the denial of the request for an award of attorney fees.

The Court of Appeals *held:*

1. The testimony of Mrs. Eckstein regarding the speed of the
plaintiff's vehicle was admitted properly. The jury was made
aware of the circumstances surrounding her observation,
namely, that she saw the vehicle for only one second. The
weight to be given the testimony appropriately was left for the
jury to determine.

2. The court erred in instructing the jury, pursuant to SJI2d

REFERENCES

Am Jur 2d, Appeal and Error § 882; Automobiles and Highway
Traffic §§ 1071, 1072; Expert and Opinion Evidence § 119.

See ALR Index under Automobiles and Highway Traffic; Expert
and Opinion Evidence; Instructions to Jury; Presumptions and
Burden of Proof.

10.08, that the decedent was presumed to have exercised due care. The error was harmless, however, because the plaintiff offered evidence sufficient to rebut the presumption and the jury was free to believe the plaintiff's version of the accident.

3. The trial court did not abuse its discretion in denying the defendant's request for an award of attorney fees.

Affirmed.

MURPHY, J., dissenting in part, stated that the instructional error was not harmless, that the judgment should be reversed and the case remanded on that basis, and that the issue whether the request for attorney fees was denied properly therefore need not be determined.

1. EVIDENCE — APPEAL — JURY TRIALS.

When reviewing a trial court's decision to allow a jury to be presented with certain evidence, the Court of Appeals will not assess the weight and value of the evidence, but will only determine whether the evidence was of such a nature that it properly could be considered by the jury; the trial court's decision will be reversed only where an abuse of discretion is shown.

2. WITNESSES — LAY WITNESSES — OPINION TESTIMONY.

Opinion testimony by a lay witness regarding the speed of a vehicle involved in an accident is admissible where the jury is made aware of the witness' opportunity to observe the vehicle; the weight to be given the testimony is left to the jury to determine.

3. TRIAL — STANDARD JURY INSTRUCTIONS — NEGLIGENCE — DECEASED PARTIES — PRESUMPTION OF DUE CARE.

The standard jury instruction that may be given in a case involving negligence that a deceased party accused of negligence is presumed to have exercised due care is not applicable where the decedent did not die as a result of the incident giving rise to the action or where, before death, the decedent's deposition was taken (SJI2d 10.08).

*Running, Wise, Wilson, Ford & Phillips* (by *T. J. Phillips, Jr.*), for the plaintiff.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *James R. Pagels*), for the defendant.

Before: TAYLOR, P.J., and SAWYER and MURPHY, JJ.

TAYLOR, P.J. Plaintiff appeals from a judgment in defendant's favor following a jury trial. Defendant cross appeals, challenging the trial court's order denying defendant attorney fees. We affirm.

This case arises from an automobile accident that occurred when Robert Eckstein, now deceased, turned left in front of plaintiff's oncoming vehicle. Plaintiff filed this action alleging that Mr. Eckstein was negligent and that she suffered physical injury as a result of his negligence. Mr. Eckstein committed suicide after the accident for reasons apparently unrelated to the accident. Mr. Eckstein's estate was substituted as the defendant.

Before the trial, the case was submitted to mediation. Plaintiff accepted the mediation evaluation of $15,000; defendant rejected it. Defendant then made an offer of judgment of $2,500 pursuant to MCR 2.405. Plaintiff responded with a counteroffer of $15,000. The matter proceeded to trial. At the conclusion of the trial, the jury found that Mr. Eckstein was not negligent, and the trial court entered a judgment in favor of defendant. Defendant requested attorney fees pursuant to MCR 2.405(D), which the trial court denied.

Plaintiff contends that the trial court erred in permitting the decedent's wife, Donna Eckstein, a passenger in the vehicle being driven by Mr. Eckstein, to testify about the speed of plaintiff's car at the time of the accident. Mrs. Eckstein testified at trial that, although she saw plaintiff's car for only one second, she believed that plaintiff's car was traveling at a speed of at least fifty miles an hour. We will not disturb the trial court's decision to admit evidence unless the court abused its discretion. *Williams v Coleman,* 194 Mich App 606, 620; 488 NW2d 464 (1992). When reviewing a trial court's decision to admit evidence, we do not assess the weight and value of the evidence, but only

determine whether the evidence was the kind properly before the jury. *Schanz v New Hampshire Ins Co,* 165 Mich App 395, 405; 418 NW2d 478 (1988). With respect to testimony regarding the speed of a vehicle, the admissibility of this testimony is not contingent upon specific times and distances, and the testimony should be admitted where the jury is made aware of the witness' opportunity to observe. *Sells v Monroe Co,* 158 Mich App 637, 646-647; 405 NW2d 387 (1987); *Hicks v Bacon,* 26 Mich App 487, 494; 182 NW2d 620 (1970). The jury was made aware of the circumstances surrounding Mrs. Eckstein's observation, namely, that Mrs. Eckstein saw plaintiff's car for only one second. The testimony was therefore properly admitted and the weight to be given the testimony was appropriately left for the jury to determine. *Sells, supra; Hicks, supra.*

Plaintiff next contends that the trial court improperly instructed the jury that the decedent was presumed to have exercised due care. Plaintiff argues that, although this instruction, SJI2d 10.08, applies where a defendant is deceased and thus cannot testify, Mr. Eckstein essentially testified at trial because his deposition was read to the jury. We agree.

SJI2d 10.08 provides:

> Because [*name of decedent*] has died and cannot testify, you may infer that [he/she] exercised ordinary care for [his/her] safety (and for the safety of others) at and before the time of the occurrence. However, you should weigh all the evidence in determining whether the decedent exercised due care.

The historical background of this instruction is that in the early days of the contributory negligence era, a plaintiff was required to demonstrate

not only that the defendant's negligence was the proximate cause of the plaintiff's injury, but also that the plaintiff had acted with due care. Because of the due-care requirement, if a plaintiff was deceased, it was difficult, and often impossible, to demonstrate that the plaintiff's conduct had met the due-care standard. Given the problem of meeting this element of the plaintiff's proofs, dismissal of the plaintiff's claims in this circumstance would have been required. To avoid this inequity, SJI2d 10.08, instructing the jury to infer that the deceased plaintiff had exercised due care, was adopted. *Johnson v White,* 430 Mich 47, 58-61; 420 NW2d 87 (1988).

As the law of contributory negligence developed, plaintiffs no longer had the peculiar burden of affirmatively proving their own nonculpability,[1] yet the instruction continued to be used and its applicability was expanded to include both parties rather than just the plaintiff. See, for example, *DAIIE v Powe,* 348 Mich 548, 550-551; 83 NW2d 292 (1957); *Booth v Bond,* 354 Mich 561; 93 NW2d 161 (1958). The rationale was that our courts desired to level the playing field where one party, because of death, did not and could not testify. Support for this view also may be found in the use notes following SJI2d 10.08. Also added as a refinement was the limitation that the party who would utilize the instruction had to have died as a result of the incident giving rise to the suit. *Potts v Shepard Marine Construction Co,* 151 Mich App 19, 27; 391 NW2d 357 (1986).

In light of the modern reasons for the use of the instruction, the adoption of comparative negli-

---

[1] With the amendment of former Court Rule No 23, § 3a (1945), effective June 1, 1958 (see 352 Mich xiv [1958]), plaintiffs were no longer required to prove their own due care. Rather, the burden of proving contributory negligence was shifted to the defendant. *Mack v Precast Industries, Inc,* 369 Mich 439, 454, n 4; 120 NW2d 225 (1963) (BLACK, J.).

gence in Michigan[2] did not seem to necessitate altering the scope of SJI2d 10.08. Our Supreme Court seemed to see it that way because it recently declined to take the opportunity to discourage the use of the instruction in these circumstances when deciding *Johnson v White, supra.*

With this background in mind, we see no reason to expand the scope of the instruction to cover either those who die for reasons independent of the incident, or for those parties who were deposed before their demise. In this case, because Mr. Eckstein died for reasons unrelated to the accident and his deposition was taken before the trial, there can be no justification for giving the instruction and it should not have been presented to the jury.

Although the instruction was inapplicable in this case and should not have been given, the fact that it was given does not constitute error warranting reversal in this case. Plaintiff offered evidence sufficient to rebut the presumption that the decedent was not negligent, thus the jury was free to believe that plaintiff's version of the accident was the accurate version. Nevertheless, the jury did not find for plaintiff. The instructional error was harmless, and the verdict is not inconsistent with substantial justice and so should be sustained. *Wiegerink v Mitts & Merrill,* 182 Mich App 546, 548; 452 NW2d 872 (1990).

On cross appeal, defendant contends that the trial court abused its discretion in declining to award attorney fees as part of the actual costs to which defendant was entitled under the rule regarding offers of judgment, MCR 2.405(D). We disagree.

It is undisputed that defendant made an offer of

---

[2] *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

settlement in the amount of $2,500; plaintiff made a counteroffer of $15,000. Defendant, of course, did not accept, so the matter was tried. The trial court exercised its discretion in deciding that an award of attorney fees to defendant would not be in the "interest of justice" pursuant to MCR 2.405(D)(3). We conclude that there was no abuse of discretion given the facts of this case. *Jack Loeks Theatres, Inc v Kentwood,* 189 Mich App 603, 617-618; 474 NW2d 140 (1991), modified on other grounds 439 Mich 968 (1992).

Affirmed.

SAWYER, J., concurred.

MURPHY, J. *(concurring in part and dissenting in part).* I agree with the holding of the majority opinion that the testimony of Donna Eckstein regarding the speed of plaintiff's car at the time of the accident was properly admitted. I also agree with the majority opinion that the jury instruction in question was inapplicable and should not have been given in this case. I dissent from the majority opinion to the extent that the majority holds that the instructional error was harmless.

The decision to give a particular instruction to the jury is within the discretion of the trial court. *Williams v Coleman,* 194 Mich App 606, 623; 488 NW2d 464 (1992). If after reviewing the instructions as a whole we determine that the theories of the parties and the applicable law were adequately and fairly presented to the jury, we will conclude that reversal is not warranted. *Id.; Wiegerink v Mitts & Merrill,* 182 Mich App 546, 548; 452 NW2d 872 (1990).

The instruction in question in this case, SJI2d 10.08, instructs the jury that it is permitted to infer that a decedent exercised ordinary care be-

fore and during the event in question because the individual has died and cannot testify. In *Johnson v White,* 430 Mich 47, 58-61; 420 NW2d 87 (1988), our Supreme Court discussed the background of SJI2d 10.08, explaining that before the adoption of comparative negligence in this state, contributory negligence acted as a complete bar to a plaintiff's negligence claim. Under contributory negligence, a plaintiff was therefore required to demonstrate that the plaintiff had acted with due care. *Id.,* 58. In a wrongful death case, and where there were no eyewitnesses, the plaintiff was given the presumption that the decedent had acted with ordinary care, enabling the plaintiff to establish this element of the prima facie case. In this way, a plaintiff was relieved of the burden of going forward to prove that the decedent had used due care until the defendant demonstrated the contrary. *Id.,* 58.

It is unclear whether SJI2d 10.08 has any application to a defendant. There is some authority that where the plaintiff and the defendant are both deceased, both are entitled to this presumption, see, e.g., *DAIIE v Powe,* 348 Mich 548, 550-551; 83 NW2d 292 (1957), and the instruction itself appears to be drafted for application to either party. The instruction traditionally referred to a presumption given to a plaintiff with respect to the actions of the plaintiff's decedent, however, and decisions of this Court imply that the presumption is only applicable to a plaintiff's decedent. In *Sells v Monroe Co,* 158 Mich App 637, 649; 405 NW2d 387 (1987), this Court, discussing the applicability of SJI 10.08, stated that "[t]he effect of the presumption is to place upon a defendant the burden of showing by a preponderance of the evidence that the decedent failed to exercise due care." This Court similarly implied that the

instruction applied only to a plaintiff's decedent in
*Duke v American Olean Tile Co,* 155 Mich App
555, 567; 400 NW2d 677 (1986), by stating that
"the court should have given SJI2d 10.08, which
provides for a rebuttable presumption of due care
as a result of the injured party's death." See also,
e.g., *Kovacs v Chesapeake & O R Co,* 134 Mich App
514, 535; 351 NW2d 581 (1984), where SJI 10.08
was applicable to a plaintiff's decedent. The pur-
pose of permitting such a presumption for a plain-
tiff's decedent is easily seen, whereas the defen-
dant effectively has a "presumption" in that the
plaintiff must carry the burden of proof. Logic
therefore dictates that this instruction has no
application to a defendant.

There is also authority limiting the use of this
instruction to situations in which the deceased
person died as a result of the incident that gives
rise to the suit. In *Potts v Shepard Marine Con-
struction Co,* 151 Mich App 19, 27; 391 NW2d 357
(1986), this Court stated that SJI2d 10.08 con-
cerned "the presumption that a decedent exercised
ordinary care during the incident leading to his
death." Once again, the practical purpose of such a
rule can be seen, because the decedent would have
had no opportunity to testify with regard to the
facts of the incident leading to the decedent's
death.

Under either analysis, the reasons for giving the
instruction do not exist in this case. The decedent
in this case is not a plaintiff's decedent, but was
instead in the position of defendant before his
death. Similarly, unlike the deceased person in
*Potts,* Mr. Eckstein did not die during the incident
or as a result of the incident, but, instead, died
from an unrelated incident before the trial but
after giving his deposition. Given that Mr. Eck-
stein's deposition testimony was read into the

record at trial, the concerns here are not the same as those in a case where the decedent dies during or as a result of the incident giving rise to the suit. Moreover, even if the instruction were generally warranted in a case such as this, there was sufficient evidence raised in this case to rebut the presumption that the decedent was not negligent, precluding the instruction in this case. See *Potts, supra,* 27-28. Because the reasons behind the rule would not be served in this case, I agree with the majority opinion that SJI2d 10.08 had no application.

I dissent from the majority opinion, however, because I cannot say that the trial court's error in giving a jury instruction that did not adequately and fairly reflect the applicable law was harmless. This was a close case in which the testimony related primarily to the speed and location of the vehicles at the time of the collision. The jury was incorrectly instructed that it was to presume that defendant exercised due care, and we must presume that the jury followed this instruction. It is probable that the erroneous instruction unfairly tipped the scales in favor of defendant, thereby affecting the verdict. I must therefore conclude that failure to reverse on the basis of the erroneous instruction would be inconsistent with substantial justice. See *Jennings v Southwood,* 198 Mich App 713, 717; 499 NW2d 460 (1993); *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 532, 537; 470 NW2d 678 (1991).

I would therefore reverse and remand. Because I would dispose of the case on this issue, I would not reach defendant's issue on cross appeal regarding attorney fees.