# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS P. NOONAN,

        Plaintiff-Appellant,

v

LANSING ORTHOPEDIC, PC and MARK D.
RUSSELL, DO,

        Defendants-Appellees,

and

INGHAM REGIONAL MEDICAL CENTER and
CHARLES SHERRY,

        Defendants.

UNPUBLISHED
February 3, 2015

No. 316731
Ingham Circuit Court
LC No. 09-001114-NH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's entry of judgment on the jury's verdict of no cause of action in this medical malpractice action. We affirm.

Plaintiff sued defendants as a result of what he alleged was an improperly performed right total shoulder arthroplasty, i.e., replacement, by defendant Mark D. Russell, DO.[1] Plaintiff's theory at trial was that defendant breached the standard of care by failing to remove enough of the head of plaintiff's humerus which allegedly resulted in an "overstuffed" and "malpositioned" joint. According to plaintiff, this led to continuous shoulder pain and limitation in his movement to the extent that he was required to undergo two additional surgeries, one by Douglas Dietzel, DO and one by Joseph Iannotti, MD. Defendant denied any breach of the standard of care.

---

[1] Plaintiff also brought a claim against Lansing Orthopedic, PC asserting vicarious liability only. Accordingly, the remainder of this opinion refers to singular "defendant" when discussing plaintiff's claims.

-1-

At trial, defendant presented two experts to refute the allegation of medical malpractice, Paul Kenyon, MD and Roland Brandt, DO. Kenyon testified that defendant acted appropriately and within the standard of care with his treatment of plaintiff's shoulder. He rejected the contention that plaintiff's shoulder joint was "overstuffed" and, in fact, opined that the joint was "perfect" and that the prosthesis was "in excellent position." Kenyon opined that Dietzel's corrective surgery was unnecessary. Similarly, Brandt opined that Russell's surgery was properly executed, that Russell "absolutely act[ed] within the standard of care" and that there was no evidence of an improperly positioned stem or replacement humeral head. Brandt agreed with Kenyon that Dietzel's corrective surgery was unnecessary. The trial court entered a judgment of no cause of action following the jury's finding that there was no professional negligence.

On appeal, plaintiff challenges several of the trial court's evidentiary decisions. Plaintiff first argues that the trial court should not have allowed plaintiff's neighbor and former physician, Douglas VanDerjagt, DO, to testify about a "wrestling match" that plaintiff was involved in at VanDerjagt's home shortly after defendant performed surgery on plaintiff's shoulder. Plaintiff contends that the trial court should have precluded VenDerjagt's testimony because of "late disclosure" and "surprise" to plaintiff. Plaintiff next argues that the trial court erred when it allowed defendant and his experts, Brandt and Kenyon to testify that Dietzel's surgery was unnecessary and may have resulted in plaintiff's injuries. Plaintiff contends that defendant never identified Dr. Dietzel as a non-party at fault in his previous interrogatories or by filing a notice pursuant to MCR 2.112(K). Lastly, plaintiff argues that the trial court erred in allowing defendant to present the testimony and reports of a vocational rehabilitation expert without timely disclosing her opinion and findings.

We review a trial court's decision to admit evidence for an abuse of discretion. *Cole v Eckstein*, 202 Mich App 111, 113; 507 NW2d 792 (1993). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *Maldondo v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "Evidentiary errors are not a basis for vacating, modifying, or otherwise disturbing a judgment unless declining to take such action would be inconsistent with substantial justice." *Veltman v Detroit Edison Co,* 261 Mich App 685, 696; 683 NW2d 707 (2004) (citation and quotation marks omitted).

We find that even if plaintiff's claims of evidentiary error are valid, they do not entitle plaintiff to relief because the jury never reached the issues of proximate cause or damages. "In a medical malpractice case, the plaintiff bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury. *Failure to prove any one of these elements is fatal*." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 492; 668 NW2d 402 (2003) (emphasis added).

The jury in this case was presented with a special verdict form. "The special verdict compels detailed consideration." *Sudul v City of Hamtramck*, 221 Mich App 455, 458; 562 NW2d 478 (1997) (quotations omitted). A special verdict form enables the court and the parties to see what the jury actually decided. *Id*. In this case, the first question presented to the jury was: "Were Defendants, LANSING ORTHOPEDIC, P.C. and MARK RUSSELL, D.O., professionally negligent in one or more ways as alleged by Plaintiff THOMAS NOONAN?" If the answer was yes, the jury could continue to question #2; if the answer was no, the jury was

finished and should not answer any more questions. The jury answered "No" and accordingly did not progress to answer questions regarding proximate causation or damages. VanDerjagt's testimony was offered to challenge proximate causation by questioning whether any breach of the standard of care caused plaintiff's alleged injuries, or whether his pain was due to another reason such as a physical altercation. Brandt's and Kenyon's testimony also challenged proximate causation by claiming that Dietzel's surgery was unnecessary and may have worsened plaintiff's situation. The vocational rehabilitation expert's testimony was relevant only to the issue of damages. The special verdict form clearly demonstrates that the jury never reached consideration of the issues presented by the above testimonies because it answered the first question, whether defendant was professionally negligent, in the negative. Plaintiff presents no argument undermining the only element of medical malpractice that was decided by the jury, defendant's professional negligence.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens